ORIGINAL

FILED

2012 FEB -7 A 11: 49

WIEKING
DISTRICT COURT
DISTRICT OF CALIFORNIA

99

ISS

1  SEAN P. REIS (sreis@edelson.com) - SBN 184044
   EDELSON MCGUIRE, LLP
2  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, California 92688
3  Telephone: (949) 459-2124
   Facsimile: (949) 459-2123
4
5  JAY EDELSON (jedelson@edelson.com)*
   RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
6  ARI J. SCHARG (ascharg@edelson.com)*
   BENJAMIN H. RICHMAN (brichman@edelson.com)*
   CHANDLER R. GIVENS (cgivens@edelson.com)*
7  EDELSON MCGUIRE, LLC
   350 North LaSalle Street, Suite 1300
8  Chicago, Illinois 60654
   Telephone: (312) 589-6370
9  Facsimile: (312) 589-6378

10 *Pro Hac Vice admission to be sought

11 Attorneys for Plaintiff and the putative class

JSC

12                   UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14 JAMES LAGARDE, individually and on behalf          Case No. 12 0609
   of all others similarly situated,
15                                                     COMPLAINT FOR:
                   Plaintiff,
16                                                     1. Fraudulent Inducement;
            v.                                         2. Breach of Express Warranties;
17                                                     3. Breach of Implied Warranties;
   SUPPORT.COM, INC. d/b/a SAMMSOFT, a                 4. Breach of Contract; and
18 Delaware corporation,                               5. Unjust Enrichment.
19                 Defendant.                          DEMAND FOR JURY TRIAL
20                                                     CLASS ACTION
21
22
23
24
25
26
27
28
   CLASS ACTION COMPLAINT

1    Plaintiff James LaGarde brings this Class Action Complaint against Defendant

2  Support.com, Inc. ("Support.com" or "Defendant") based upon Defendant's practice of defrauding

3  consumers through the design and sale of certain of its software products. Plaintiff, for his Class

4  Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and

5  experiences and, as to all other matters, upon information and belief, including investigation

6  conducted by his attorneys.

7                                    **NATURE OF THE ACTION**

8    1.    Support.com is one of the largest and fastest growing developers of computer utility

9  software in the United States. Support.com markets and sells a variety of products that it claims will

10  increase the speed, performance, and stability of a consumer's personal computer ("PC"), fix

11  security and privacy risks, remove harmful errors, and improve Internet speeds.

12    2.    Unfortunately for consumers, the method Support.com uses to induce consumers to

13  purchase at least one of these software products—Advanced Registry Optimizer ("ARO")—as well

14  as the software itself, is undeniably fraudulent.

15    3.    Through its websites and marketing materials, Support.com represents that ARO is

16  capable of identifying, reporting and repairing a wide range of PC errors, privacy and security

17  threats, and other computer problems. To demonstrate ARO's value, Support.com allows users to

18  download the software and perform a "free diagnostic" scan, which supposedly detects "errors"

19  corresponding with the harmful computer problems the software is designed to fix. After the user

20  performs the free scan, ARO offers to "fix" 100 of the detected errors for free, but requires the user

21  to purchase the full, registered version, of the software to fully "fix" the remaining problems.

22    4.    However, as detailed herein, Support.com intentionally designed ARO to

23  misrepresent and exaggerate the existence and severity of these detected errors, as well as the

24  overall "system" and "security status" of the PC, *regardless of the actual condition of the computer*

25  to induce the consumer to purchase the software.

26

27

28

CLASS ACTION COMPLAINT                        2

5.     For those users who purchase ARO outright (without first performing a free scan), Support.com's misrepresentations lull consumers into a false sense of security that ARO is actually conducting the beneficial tasks listed above—that the software is honestly and accurately detecting and removing or repairing credible errors and security threats. In truth, ARO's real value, stripped of these artifices, is much less than reflected in its purchase price.

6.     Support.com holds itself out as a reputable industry leader in developing software aimed to protect consumers' computers. Because average consumers lack the requisite technical expertise to understand the underlying functionality of Support.com's software, they trust Support.com to honestly describe the utility of its products, and design its software to truthfully report errors. Support.com betrayed that trust, and as a result, millions of consumers have been tricked into paying for its ARO software.

**PARTIES**

7.     Plaintiff James LaGarde is a natural person and citizen of the State of Maryland.

8.     Defendant Support.com, Inc. is a Delaware corporation with its headquarters and principal place of business located at 1900 Seaport Boulevard, 3rd Floor, Redwood City, California 94063. Support.com does business throughout the State of California and the United States.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10.    Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant resides in this District and the injuries of which Plaintiff complains arose here. Venue is proper because Defendant transacts significant business in this District, including soliciting consumer business and entering into consumer and business transactions.

CLASS ACTION COMPLAINT                    3

1    **INTRADISTRICT ASSIGNMENT**

2        11.    Pursuant to Civil Local Rule 3-2(d), this case shall be assigned to either the San

3    Francisco or Oakland Division.

4    **FACTUAL BACKGROUND**

5    **I.    A Brief Overview of Support.com**

6        12.    Support.com is a self-proclaimed leader in the online technical support industry.

7    Support.com offers a variety of computer repair services and products that purportedly allow

8    Support.com to remotely repair consumers' PCs.

9        13.    In addition to providing these services, Support.com develops and sells a variety of

10   "privacy, utility, and security software for the PC" under its "Sammsoft" brand name, including the

11   software product at issue in this lawsuit—Advanced Registry Optimizer.

12       14.    Support.com—doing business as Sammsoft—boasts that over ten million

13   (10,000,000) users worldwide have downloaded ARO.[1]

14   **II.    Support.com Deceptively Markets its Advanced Registry Optimizer Software**

15       15.    Support.com heavily advertises and otherwise promotes its ARO software through

16   sponsored marketing on the Internet, which is displayed in search engine results and targeted

17   advertisements on websites.

18       16.    Through those advertisements and statements contained on its own websites,

19   Support.com uniformly misrepresents the utility of ARO. Specifically, Support.com asserts that

20   ARO will detect and remove harmful computer errors, increase the performance of computers,

21   detect security and privacy threats, and increase the speed of the user's Internet connection.

22       17.    Put simply, Support.com claims that ARO scans the user's PC, accurately reports

23   existing errors and other threats—which purportedly correspond with the problems Defendant

24   represents that the software will detect—and then corrects these issues.

25

26

27   [1]    About Sammsoft, http://www.sammsoft.com/ (last visited January 23, 2012).

28

CLASS ACTION COMPLAINT                    4

18.     In reality, and as explained below, Support.com intentionally designed ARO to artificially inflate errors detected, mischaracterize innocuous computer issues as harmful, and misrepresent the errors and the overall system and security status of a user's PC. Moreover, the software cannot and does not actually perform the beneficial tasks as represented by Support.com.

**III.   Support.com Designed Advanced Registry Optimizer to Artificially Inflate Errors, Exaggerate the Severity of Computer Problems, and Misrepresent the Overall Security Status of Consumers' PCs to Induce Them to Purchase of the Software**

19.     After a user downloads and installs ARO, the software automatically begins "scanning" the user's PC, supposedly detecting harmful computer errors, and evaluating the "security status" of the computer.

20.     Upon completion of the free scan, the user is presented with a graphical depiction of the computer's supposed condition in the form of a large meter, containing colored sections representing varying levels of the computer's "junk" status—ranging from bad (red) to good (green). Additionally, a separate display box appears on the screen representing the "Security Status" of the computer, ranging from "CRITICAL" to "GOOD."

21.     The user is then given the option to "fix" 100 of the harmful items detected by ARO for free, but the software prompts the user that in order to "fix" the remaining errors and fully "clean the rest of your system," the user must purchase the full, registered version of the software.

22.     The average consumer who views the results described above reasonably believes that Support.com's software truthfully and accurately identifies computer errors, security/privacy risks, and other system problems, as expressly represented by Support.com. Unfortunately, that is not the case.

23.     Through his attorneys, Plaintiff has engaged a computer forensic expert to examine the functionality of ARO. The expert uncovered that Support.com deceptively designed Advanced Registry Optimizer to invariably report, in an extremely menacing manner, that the computer's "Junk Status" is high, inflate the number of "Registry Status" errors that exist, characterize

1  harmless files as significant problems, and display that the "Security Status" is

2  "CRITICAL"—without performing any credible diagnosis of the computer's condition.

3      24.     Ostensibly these practices lead the consumer to believe that ARO is properly

4  performing the operations represented by Support.com, when, in fact, the software is not using any

5  reliable metrics to evaluate the individual's PC. This is done in an effort to induce the user to

6  purchase the full version of Advanced Registry Optimizer to "fix" these problems.

7      25.     By and through the deceptive practices described above, Support.com has profited,

8  and continues to profit, by defrauding consumers into believing that their computers are severely

9  damaged and/or at risk, and that purchase of ARO is necessary to "fix" errors and other problems.

10  This induces the consumer to purchase Advanced Registry Optimizer because he or she reasonably

11  believes that the software is performing the beneficial tasks as represented by Support.com.

12  **III.     Plaintiff James LaGarde's Experience**

13      26.     In or around April 2011, Plaintiff James LaGarde performed an Internet search for

14  software that would enhance the performance of his computer. LaGarde clicked on a link for the

15  ARO software purporting to provide a free trial of the software, including a free diagnostic scan of

16  his computer. LaGarde downloaded and installed the trial version of Advanced Registry Optimizer,

17  and performed the free diagnostic scan.

18      27.     After completing the scan, the software represented that LaGarde's computer

19  possessed numerous "CRITICAL" errors, and that his "Junk Status" was high. After clicking a "Fix

20  Errors" button to fix the reported problems, a display box informed LaGarde that only some of the

21  errors would be fixed with the trial version of the software, and that he must purchase the product to

22  fix all of the detected issues.

23      28.     In reliance on the representations made by the software regarding the health and

24  performance of his PC, LaGarde clicked on the "Buy & Download" button within the software and

25  was directed to a website where he purchased Advanced Registry Optimizer for the price of $29.95.

26

27

28

29.     But for Defendant's misrepresentations in its marketing materials and on its website, as well as displayed within the Advanced Registry Optimizer software—namely that (i) the software would accurately detect, report and repair harmful errors and other problems, (ii) that his "Junk Status" was high, (iii) that he had several hundred "Registry Status" errors, and (iv) that his PC's "Security Status" was "CRITICAL"—LaGarde would not have agreed to purchase Advanced Registry Optimizer.

30.     Plaintiff has not been refunded the purchase price of the full version of Advanced Registry Optimizer.

## CLASS ALLEGATIONS

31.     **Definition of the Class:** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and a class (the "Class") of similarly situated individuals, defined as follows:

> All individuals and entities in the United States and its territories that paid a fee to purchase Support.com Inc.'s Advanced Registry Optimizer software.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

32.     **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, Support.com has sold its software to thousands of Class members throughout the country, making joinder of each individual member impracticable. Ultimately, the Class members will be easily identified from within Support.com's records.

33.     **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Support.com's uniform wrongful

---

CLASS ACTION COMPLAINT                    7

1 | conduct during transactions with Plaintiff and the Class.

2 |      34.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect

3 | the interests of the Class and has retained counsel competent and experienced in complex litigation

4 | and class actions. Plaintiff has no interests antagonistic to those of the Class, and Support.com has

5 | no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

6 | this action on behalf of the members of the Class, and have the financial resources to do so. Neither

7 | Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

8 |      35.    **Commonality and Predominance:** Common questions of law and fact exist as to

9 | all members of the Class and predominate over questions affecting only individual members. Those

10 | questions include, but are not necessarily limited to:

11 |         a)    whether Defendant has intentionally designed the Advanced Registry

12 |             Optimizer software to artificially inflate, exaggerate and/or misrepresent the

13 |             existence of errors and other problems on a user's computer;

14 |         b)    whether the Advanced Registry Optimizer software actually repairs

15 |             computers errors and problems, or improves computer speed and

16 |             functionality;

17 |         c)    whether Defendant's conduct described herein constitutes a breach of express

18 |             warranties;

19 |         d)    whether Defendant's conduct described herein constitutes a breach of

20 |             implied warranties;

21 |         e)    whether Defendant's conduct described herein constitutes fraudulent

22 |             inducement;

23 |         f)    whether Defendant's conduct described herein constitutes a breach of

24 |             contract; and

25 |         g)    whether Defendant unjustly received and/or continues to receive money as a

26 |             result of its conduct described herein, and whether under principles of equity

27 |

28 |

and good conscience, Defendant should not be permitted to retain those

monies.

36.     **Superiority:** Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

37.     **Policies Generally Applicable to the Class:**  This class action is also appropriate for certification because Support.com has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Support.com's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Support.com's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

38.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned in discovery.

**FIRST CAUSE OF ACTION**
**Fraudulent Inducement**
**(On Behalf of Plaintiff and the Class)**

39.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

1 | herein.

2 |     40.    As described with particularity herein, Support.com has used, and continues to use,

3 | marketing tactics it knows or reasonably should know are false and misleading.

4 |     41.    As an inducement for Plaintiff and the other members of the Class to purchase its

5 | ARO software, Defendant affirmatively and uniformly represented to them that the software would

6 | accurately scan their computers for harmful errors and other problems, increase the speed and

7 | stability of their computers, and protect the privacy of their computers. Furthermore, through the

8 | software itself, Support.com affirmatively represented that the overall health of Plaintiff's and the

9 | Class's computers was poor.

10 |     42.    The above affirmative representations were, in fact, false. In particular, the software

11 | did not accurately identify and report errors and other problems present on Plaintiff's and the

12 | Class's computers, inasmuch as the software's initial scan exaggerated and misrepresented the

13 | existence and severity of any such errors.

14 |     43.    Likewise, because the errors and problems identified by the software either did not

15 | actually exist or were not as severe as the software represented them to be, the software did not and

16 | could not repair such errors or actually improve the performance of Plaintiff's and the Class's

17 | computers, as Support.com represented that it would.

18 |     44.    Support.com knew that its representations regarding the ARO software's utility, as

19 | well as the representations made within the software about the health of Plaintiff's and the Class's

20 | computers were false.

21 |     45.    Support.com intended that Plaintiff and the other members of the Class would

22 | similarly rely upon its misrepresentations about the utility of the ARO software, as well as the

23 | misrepresentations made within the software itself regarding the health of their computers, by

24 | purchasing and continuing to use ARO.

25 |     46.    Plaintiff and the other members of the Class reasonably relied upon those

26 | misrepresentations inasmuch as they believed that the software was designed to accurately identify,

27 |

28 |

CLASS ACTION COMPLAINT         10

1    report and repair errors and other problems on their computers; they reasonably believed that the

2    software had, in fact, accurately identified and reported errors and other problems on their

3    computers; and/or, they remitted payment to Support.com for the purchase of a full version of the

4    Advanced Registry Optimizer software in order to repair the purported errors and other problems on

5    their computers.

6        47.     The utility of a consumer product is a material term of any transaction because it

7    directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any

8    deception or fraud related to the utility of a product is materially misleading. Accordingly,

9    Support.com's misrepresentations regarding ARO's utility were materially misleading.

10       48.     Plaintiff and the other members of the Class would not have purchased the ARO

11    software if not for Defendant's misrepresentations regarding the utility of the software and/or the

12    misrepresentations made within the software regarding the health of their computers. Further, if not

13    for Defendant's misrepresentations in the software itself, Plaintiff and the Class would have

14    discontinued their use of ARO and requested a refund of the monies they paid to purchase it.

15       49.     As a result of Defendant's fraudulent conduct described herein, Plaintiff and the

16    Class suffered injury in the form of the monies they paid Defendant for the purchase of the full

17    version of the Advanced Registry Optimizer software.

18       50.     Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks

19    an award of the maximum damages available in an amount to be determined at trial.

20                            **SECOND CAUSE OF ACTION**
                            **Breach of Express Warranties**

21                            **Pursuant to U.C.C. § 2**
                     **(On Behalf of Plaintiff and the Class)**

22

23       51.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

     herein.

24

25       52.     Licenses for the Advanced Registry Optimizer software are "goods" within the

     meaning of the Uniform Commercial Code § 2, including but not limited to Cal. Com. Code §

26      2313.

27

28

CLASS ACTION COMPLAINT            11

1    53.    Pursuant to the Uniform Commercial Code § 2, including but not limited to Cal.

2    Com. Code § 2313, the sale of Defendant's Advanced Registry Optimizer software was

3    accompanied by an express warranty of merchantability created by affirmations of facts and

4    promises made by Support.com through its advertising materials, on its websites, and through in-

5    software representations.

6    54.    The express warranty of merchantability provided by Defendant included

7    affirmations of fact and promises that its software would accurately identify, report and repair PC

8    errors and other problems, increase computer speed, performance and stability, remove harmful

9    errors, and "clean up" hard drives. In actuality, Defendant fraudulently designed its software to

10   falsely identify and/or exaggerate the presence of harmful errors, and misrepresented the overall

11   health and security of Plaintiff's and the Class's computers in an effort to induce them to purchase a

12   full version of the software. Defendant's misrepresentations were made in a substantially identical

13   manner to Plaintiff and the other members of the Class.

14   55.    Plaintiff and the Class uniformly and reasonably relied upon these affirmations and

15   promises when purchasing Defendant's Advanced Registry Optimizer software, in that Plaintiff and

16   the Class reasonably believed that they were purchasing software that would accurately identify,

17   report and repair PC errors, security and privacy risks, increase computer speed, performance and

18   stability, remove harmful errors, and "clean up" hard drives. As such, Defendant's affirmations and

19   promises were part of the money-for-software bargain.

20   56.    But for Defendant's affirmations and promises, Plaintiff and the Class would not

21   have purchased the Advanced Registry Optimizer software.

22   57.    Defendant breached its express warranties by intentionally designing the Advanced

23   Registry Optimizer software to falsely identify, artificially inflate, and/or exaggerate the presence of

24   harmful errors, and the overall security of a consumer's computer.

25   58.    Defendant's breach directly injured Plaintiff and the Class because they purchased a

26   product of diminished value—software that does not accurately detect, report and repair errors and

27

28

CLASS ACTION COMPLAINT          12

1    other problems on a user's computer.

2        59.    At all times, Defendant was on notice that it had breached its express warranties

3    made to Plaintiff and the Class, inasmuch as Defendant intentionally designed the ARO software to

4    falsely identify and/or exaggerate the presence of harmful errors, and the overall health and security

5    of their computers, and therefore, knew that the software did not meet its warranties to the contrary.

6        60.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class,

7    seeks an award of the maximum damages available, together with costs and reasonable attorneys'

8    fees, in an amount to be determined at trial.

9                                **THIRD CAUSE OF ACTION**
                                **Breach of Implied Warranties**
10                                 **Pursuant to U.C.C. § 2**
                              **(On Behalf of Plaintiff and the Class)**
11
        61.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth
12
     herein.
13
        62.    Licenses for the Advanced Registry Optimizer software are "goods" within the
14
     meaning of the Uniform Commercial Code § 2, including but not limited to Cal. Com. Code §
15
     2314.
16
        63.    Pursuant to Uniform Commercial Code § 2, including but not limited to Cal. Comm.
17
     Code § 2314, "a warranty that the goods shall be merchantable is implied in a contract for their sale
18
     if the seller is a merchant with respect to goods of that kind." Goods are considered merchantable if
19
     they "are fit for the ordinary purposes for which such goods are used" and "conform to the promises
20
     or affirmations of fact made on the container or label if any."
21
        64.    A contractual relationship between Defendant, on the one hand, and Plaintiff and the
22
     other members of the Class, on the other, was formed when Defendant offered to sell and Plaintiff
23
     and the Class agreed to purchase the full version of the Advanced Registry Optimizer software.
24
        65.    By selling the ARO software, Defendant impliedly represented to Plaintiff and the
25
     Class that the software would be fit to accurately detect, report and repair computer errors and
26
     problems. Defendant's marketing materials described herein, including its websites and online
27

28
     CLASS ACTION COMPLAINT            13

1   advertisements, as well as the statements made within the software itself, made similar

2   representations regarding the ARO software's utility.

3       66.     Defendant breached the implied warranty of merchantability because, in actuality,

4   ARO is not fit to and does not accurately detect, report and repair computer errors and problems.

5   Rather, Support.com intentionally designed ARO to misrepresent and/or exaggerate the existence of

6   errors and other problems on users' computers.

7       67.     Moreover, when consumers attempt to "clean" their PCs using the Advanced

8   Registry Optimizer software, the software actually does nothing because the reported errors and

9   problems do not exist and/or have been exaggerated by the software and therefore, cannot be

10  "cleaned" or "fixed."

11      68.     As a proximate result of Defendant's conduct and its resulting breach of the implied

12  warranty of merchantability, Plaintiff and the other members of the Class have suffered damages.

13      69.     Defendant had actual knowledge that the ARO software breached the implied

14  warranty of merchantability because Defendant intended that the software would not function as

15  advertised. Likewise, Defendant had actual or constructive notice of the damages suffered by

16  Plaintiff and the Class.

17      70.     Accordingly, Plaintiff, on behalf of himself and the other members of the Class,

18  seeks an award of the maximum damages available, together with costs and reasonable attorneys'

19  fees, in an amount to be determined at trial.

20                          **FOURTH CAUSE OF ACTION**
                               **Breach of Contract**
21                          **(On Behalf of Plaintiff and the Class)**

22      71.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

23  herein.

24      72.     Plaintiff and each member of the Class, on the one hand, and Defendant, on the

25  other, entered into valid and enforceable agreements, whereby Defendant agreed to sell, and

26  Plaintiff and the Class agreed to purchase, software that would accurately identify, report and repair

27

28
    CLASS ACTION COMPLAINT              14

1  legitimate computer errors and other problems found on Plaintiff's and the Class's computers, as

2  well as improve the overall health, functionality and privacy of those computers.

3      73.    Plaintiff and the Class paid, and Support.com accepted, the purchase price of the

4  software products at issue. Therefore, Plaintiff and the Class performed their obligations under the

5  contracts.

6      74.    The actual utility of the software was a material term in the agreements at issue.

7      75.    Defendant expressly and/or impliedly agreed to provide Plaintiff and the Class a

8  product that would accurately identify, report and remove errors and other problems from their

9  computers.

10     76.    Defendant further expressly and/or impliedly agreed to carry out its obligations

11 under the agreement in good faith and fair dealing.

12     77.    Defendant materially breached its agreements with Plaintiff and the Class by

13 providing them software that it intentionally designed to misrepresent and exaggerate the existence

14 of errors and other problems on their computers and that ultimately did not repair any purported

15 errors, or otherwise have the utility Defendant represented it to have.

16     78.    As a direct and proximate result of Defendant's breach of its contractual relationships

17 with Plaintiff and the Class, Plaintiff and the Class suffered damages.

18     79.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class,

19 seeks an award of the maximum damages available in an amount to be determined at trial.

20                    **FIFTH CAUSE OF ACTION**
                **Unjust Enrichment (in the alternative to Breach of Contract)**
21                  **(On Behalf of Plaintiff and the Class)**

22     80.    Plaintiff incorporates by reference Paragraphs 1-69 as if fully set forth herein.

23     81.    Count V is expressly brought in the alternative to Count IV (breach of contract).

24     82.    If the Court finds Plaintiff's and the Class's contracts with Defendant invalid or

25 unenforceable, Plaintiff and the members of the Class may be left without any adequate remedy at

26 law.

27

28

CLASS ACTION COMPLAINT          15

1    83.    Plaintiff and the Class members each conferred a benefit upon Defendant in the form
2    of the monies they paid to Defendant for the purchase of the ARO software.

3    84.    Defendant appreciates and/or has knowledge of the benefits conferred by Plaintiff and
4    the Class.

5    85.    Under principles of equity and good conscience, Defendant should not be permitted
6    to retain the monies belonging to Plaintiff and the Class that it unjustly received as a result of its
7    unlawful and deceptive conduct alleged herein.

8    86.    Plaintiff and the Class members each suffered financial loss as a direct result of
9    Defendant's conduct described herein.

10    87.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class,
11    seeks restitution and disgorgement of all monies unlawfully retained by Defendant.

12                              **PRAYER FOR RELIEF**

13    WHEREFORE, Plaintiff James LaGarde, on behalf of himself and the Class, respectfully
14    requests that this Court enter an Order:

15    A.    Certifying this case as a class action on behalf of the Class defined above, appointing
16    James LaGarde as Class Representative, and appointing his counsel as Class Counsel;

17    B.    Declaring that Defendant's actions, as set out above, constitute violations of the
18    Uniform Commercial Code § 2, including but not limited to California Commercial Code §§ 2313
19    and 2314, as well as fraudulent inducement, and breach of contract, or, in the alternative, unjust
20    enrichment;

21    C.    Awarding damages, including actual, statutory and punitive damages where
22    applicable, to Plaintiff and the Class in an amount to be determined at trial;

23    D.    Awarding injunctive and other equitable relief as is necessary to protect the interests
24    of Plaintiff and the Class, including, *inter alia*: (i) prohibiting Defendant from engaging in the
25    wrongful and unlawful acts described herein; (ii) requiring Defendant to disclose and admit the
26    wrongful and unlawful acts described herein; and (iii) requiring Defendant to fully disclose the true
27
28
     CLASS ACTION COMPLAINT             16

1   nature of their software products now and in the future;

2       E.     Awarding restitution and disgorging all monies unlawfully retained by Defendant as

3   a result of its conduct described herein;

4       F.     Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys'

5   fees;

6       G.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent

7   allowable; and

8       H.     Awarding such other and further relief as the Court deems equitable and just.

9                      **DEMAND FOR JURY TRIAL**

10       Plaintiff demands a trial by jury of all issues so triable.

11                      Respectfully submitted,

12   Date: February 6, 2012          **JAMES LAGARDE**, individually and on behalf of all
13                      others similarly situated,

14                      By: _____
                                 One of Plaintiff's Attorneys

15

16   SEAN P. REIS - SBN 184044 (sreis@edelson.com)
  EDELSON MCGUIRE, LLP
17   30021 Tomas Street, Suite 300
  Rancho Santa Margarita, California 92688
18   Telephone: (949) 459-2124
  Facsimile: (949) 459-2123

19   JAY EDELSON (jedelson@edelson.com)*
  RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
20   ARI J. SCHARG (ascharg@edelson.com)*
  BENJAMIN H. RICHMAN (brichman@edelson.com)*
21   CHANDLER R. GIVENS (cgivens@edelson.com)*
  EDELSON MCGUIRE, LLC
22   350 North LaSalle Street, Suite 1300
  Chicago, Illinois 60654
23   Telephone: (312) 589-6370
  Facsimile: (312) 589-6378
24
  *Pro Hac Vice* admission to be sought.
25

26

27

28
  CLASS ACTION COMPLAINT           17