1
2
3
4
5
6
7

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES LAGARDE and TIM BATCHELOR, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> SUPPORT.COM, INC. d/b/a SAMMSOFT, a Delaware corporation, and AOL, INC., a Delaware corporation, <br><br> *Defendants*. | Case No. 3:12-cv-00609-JSC <br><br> **STIPULATION OF CLASS ACTION SETTLEMENT** <br><br> Judge: Honorable Jacqueline Scott Corley <br> Action Filed: February 7, 2012 |

1
2
3
4
5
6
7

This Stipulation of Class Action Settlement (the "Agreement") is entered by and among Plaintiffs James LaGarde ("LaGarde") and Tim Batchelor ("Batchelor") for themselves individually and on behalf of the Settlement Class, and Defendants Support.com, Inc. ("Support.com") and AOL, Inc. ("AOL") (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties").[1] This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Settled Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

8

**I.    RECITALS**

9
10
11
12
13

WHEREAS, on February 7, 2012, Plaintiff James LaGarde, filed an action in the United States District Court for the Northern District of California, captioned *LaGarde v. Support.com, Inc.*, Case No. 3:12-cv-00609-JSC (the "Action"), alleging claims for damages, injunctive, and declaratory relief against Support.com, Inc. arising out of the design, marketing, and sale of certain of the Software Products;

14
15
16
17
18
19

WHEREAS, on February 7, 2012, Plaintiff Tim Batchelor, filed an action in the United States District Court for the Southern District of New York, captioned *Batchelor v. AOL, Inc., et al.*, Case No. 1:12-cv-00963-JSR (the "*Batchelor* matter"), alleging claims for damages, injunctive, and declaratory relief against AOL, Inc. and Support.com, Inc.'s former subsidiary, SDC Software, Inc., arising out of the design, marketing, and sale of certain of the Software Products;

20
21
22

WHEREAS, on April 20, 2012, the Batchelor matter was dismissed and, subsequently, on August 6, 2012, Plaintiff LeGarde filed a Second Amended Complaint in the Action naming Tim Batchelor as a party-plaintiff and AOL, Inc. as a party-defendant;

23
24
25

WHEREAS, Plaintiffs and Class Counsel have conducted a comprehensive examination of the law and the facts relating to the matters at issue in the Action regarding Plaintiffs' claims and Defendants' potential defenses;

26
27
28

---

[1]     Except as otherwise specified, defined terms shall have the meanings set forth in Section II of this Agreement.

WHEREAS, the Parties engaged in extensive arms-length settlement negotiations, which included the exchange of information through both formal and informal discovery;

WHEREAS, based on an analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burdens and expense of such litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel have concluded that this Settlement provides substantial benefits to the Settlement Class and the public as a whole, and is fair, reasonable, adequate, and in the best interest of the Plaintiffs and the Settlement Class;

WHEREAS, Defendants do not admit any liability or wrongdoing but have similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiffs and the Settlement Class; and

WHEREAS, the Parties agree that all Persons shall have an individual right to exclude themselves from the Settlement Class, such that participation in the Settlement Benefits provided by this Agreement shall be voluntary;

NOW, THEREFORE, the Parties stipulate and agree that any and all Settled Claims against Support.com, Inc. and AOL, Inc., and all other Released Parties shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval, as a fair, reasonable and adequate settlement.

## II.  DEFINITIONS

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

"*Action*" means the case captioned *LaGarde, et al. v. Support.com, Inc., et al.*, Case No. 3:12-cv-00609-JSC (N.D. Cal.), and any amendments thereto.

"*Agreement*" means this Stipulation of Class Action Settlement (including all exhibits hereto).

"*AOL*" means Defendant AOL, Inc., a Delaware corporation.

"***Approved Claim***" means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is physically signed or electronically verified by the Settlement Class Member, and (c) satisfies the conditions set forth in Section VI.C.1 of eligibility for a Settlement Benefit Award.

"***Batchelor matter***" means the case captioned *Batchelor v. AOL, Inc., et al.*, Case No. 1:12-cv-00963-JSR (S.D.N.Y.).

"***Claimant***" means a Settlement Class Member that submits a Claim Form for a Settlement Benefit.

"***Claim Form***" means the form attached hereto as Exhibit B, as approved by the Court. The Claim Form must be completed, and physically signed or verified electronically, by Settlement Class Members who wish to file a claim for a Settlement Benefit, and shall be available for download from the Settlement Website in electronic format and from the Claims Administrator in hardcopy form. The Claim Form will require the Settlement Class Member to provide the following information: (i) full name, current address, telephone number, and e-mail address, (ii) an affirmation that he or she purchased one or more of the Software Products, and (iii) a statement that he or she has not received a refund of all monies paid for the Software Product(s). The Claim Form will not require notarization, but will require that the information supplied is true and correct.

"***Claims Administration Expenses***" means Notice Expenses (defined below) and all other expenses incurred by the Claims Administrator in handling the administration of the settlement and performing the services it is obligated to perform under this Agreement related to administration of the settlement, which may include the processing of Claim Forms submitted by Settlement Class Members pursuant to this Agreement.  To the extent Claims Administration Expenses exceed $100,000, Class Counsel's fee application shall be reduced in an amount equal to the amount the Claims Administration Expenses exceed $100,000.

"***Claims Administrator***" means, subject to approval of the Court, Epiq Systems, or such other third party company approved by the Court that will oversee the Notice Plan and the processing and payment of Settlement Class Members' Claim Forms as set forth in this Agreement.

"***Claims Deadline***" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Settlement Class Notice is first disseminated to the Settlement Class. The Claims Deadline shall be clearly set forth in the notice to be provided to the Settlement Class, the Claim Form, the Court's order granting Preliminary Approval, and the Judgment.

"***Claims or Causes of Action***" means any and all claims or causes of action of every kind and description (including any causes of action in law, claims in equity, complaints, suits, or petitions) and any allegations of wrongdoing (including any assertions of liability debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that the Releasing Parties had, have, or may have (including assigned claims and "Unknown Claims" as defined below) that have been, may be, or could be asserted in the Action, the *Batchelor* matter, or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including any state, local or federal regulatory body), in any jurisdiction

worldwide, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with one or more of the following: (1) the design, use, functionality, operation, and/or performance of the Software Products, (2) the marketing, advertising, purchasing, sale or renewal of the Software Products, (3) warranties, representations, or omissions relating to the Software Products, (4) charges to, refunds granted (or not granted) to, or payments by, any consumer for the Software Products or their license or subscription or renewal, and (5) any matters alleged, argued, raised, or asserted in any pleading or court filing in the Action or the *Batchelor* matter, from the beginning of time to the date this Agreement receives Preliminary Approval.

"*Claims Period*" means the period of time during which Settlement Class Members may submit Claim Forms to receive Settlement Benefit Awards and shall commence on the date that the Settlement Class Notice is first disseminated to the Settlement Class and shall end on the date ninety (90) days thereafter.

"*Class Counsel*" means attorneys Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson McGuire, LLC.

"*Class Representatives*" shall mean the named plaintiffs in this Action, James LaGarde and Tim Batchelor.

"*Court*" means the United States District Court for the Northern District of California.

"*Defendants' Counsel*" means Michael H. Page of Durie Tangri LLP.

"*Effective Date*" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

"*Fairness Hearing*" means the hearing before the Court where the Parties will request the Judgment be entered by the Court finally approving the settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representatives.

"*Fee Award*" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

"*Judgment*" means the Order of Final Judgment, in the form attached as Exhibit D to this Agreement, to be entered by the Court finally approving this Agreement, without material modifications that are unacceptable to the Parties.

"*Nationwide*" means the fifty (50) states, the District of Columbia, and the territories of the United States of America.

"*Notice Date*" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class.

"**Notice Expenses**" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, hosting on the Internet and publishing the Settlement Class Notice, identifying members of the Settlement Class and informing them of the proposed settlement, and (ii) any other reasonable and necessary notice and notice-related expenses. All Notice Expenses are to be paid from the Settlement Fund.

"**Notice of Intention to Appear and Object**" is the written communication that may be filed with the Court by a Settlement Class Member in order to object to the approval of this Agreement. A copy of such Notice of Intention to Appear and Object must be signed by the Settlement Class Member and also be sent to the Claims Administrator, Class Counsel and Defendants' Counsel at the time of filing.

"**Notice Plan**" means the plan described in Section VIII of this Agreement for disseminating notice to the Settlement Class Members of the terms of this Agreement and the Fairness Hearing.

"**Opt-Out Period**" means the period for a Settlement Class Member to file a Request for Exclusion, which shall expire sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class, subject to Court approval. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

"**Parties**" means, collectively, Plaintiffs James LaGarde and Tim Batchelor, and Defendants Support.com, Inc. and AOL, Inc.

"**Person**" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns. The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, with out limitation, any state Attorney General office.

"**Plaintiffs**" means James LaGarde, Tim Batchelor, and all Persons who fall within the definition of the Settlement Class.

"**Preliminary Approval**" means the Court's Order Preliminarily Approving Class Action Settlement, in the form attached as Exhibit C to this Agreement, to be entered by the Court without material modifications that are unacceptable to the Parties.

"**Released Conduct**" means any and all direct or indirect acts, omissions, representations, conduct, legal duties, unjust enrichment, trade practices, or obligations that arise out of, or are related or connected in any way with one or more of the following: (1) the design, use, functionality, operation, and/or performance of the Software Products, (2) the marketing, advertising, purchasing, sale or renewal of the Software Products, (3) warranties, representations, or omissions relating to the Software Products, and (4) charges to, refunds granted (or not granted) to, or payments by, any consumer for the Software Products or their license or subscription or renewal. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

"**Released Parties**" means Support.com, Inc. and AOL, Inc., their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing.

"***Releasing Parties***" means each of the Plaintiffs, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

"***Remaining Funds***" means the amount of the Settlement Fund remaining after the payment of all Approved Claims, Claims Administration Expenses, Notice Expenses, incentive awards to the Class Representatives, and the Fee Award to Class Counsel.

"***Request For Exclusion***" is the written communication by or on behalf of a member of the Settlement Class in which he, she, or it requests to be excluded from the Settlement Class.

"***Settlement Benefit***" means the benefits a Settlement Class Member may receive pursuant to this Agreement.

"***Settlement Benefit Award***" means the payment to be made on Approved Claims as described in Section VI.C of this Agreement.

"***Settled Claim***" means any Claims or Causes of Action that are subject to the Release.

"***Settlement Class***" means all individuals and entities in the United States and its territories that have paid monies for any version of Defendants ARO and/or Computer Checkup software at any time until the date on which the Court enters an order preliminarily approving the settlement. Excluded from the Settlement Class are the following: (i) the Defendants, the Claims Administrator, and any respective parent, subsidiary, affiliate or control person of the Defendants, as well as the officers, directors, agents, servants, or employees of the Defendants, (ii) any judge presiding over this Action or over the *Batchelor* matter, (iii) all Persons whose claims against the Defendants have been fully and finally adjudicated and/or released, and (iv) the immediate family members of any such Person(s).

"***Settlement Class Member***" or  "***Class Member***" means a Person who falls within the definition of the Settlement Class as set forth in this Agreement and who has not submitted a valid Request for Exclusion.

"***Settlement Class Notice***" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Parties have proposed that the Court approve the notice in the form attached to this Agreement as Exhibit A.

"***Settlement Fund***" means the monetary funds from which Defendants shall pay all Approved Claims, Claims Administration Expenses, the incentive award to the Class Representatives, and the Fee Award to Class Counsel. The amount of the Settlement Fund is Eight Million Five Hundred Fifty-Nine Thousand Dollars ($8,595,000.00). The Settlement Fund represents the limit and extent of Defendants' monetary obligations under this Agreement, other than those separately specified herein. All Remaining Funds are the property of Defendants.

"***Settlement Website***" means the website to be created and launched by the Claims Administrator containing the Settlement Class Notice, information about the submission of Claim Forms and other relevant documents, including downloadable Claim Forms.

"***Software Products***" refers to (a) any software designed or offered under the ARO name or brand, sold or licensed by Defendants, and (b) any software designed or offered under the Computer Checkup name or brand, sold or licensed by Defendants.

"***Support.com***" means Defendant Support.com, Inc., a Delaware corporation.

"***Unknown Claims***" shall have the meaning set forth in Section V.B. of this Agreement.

## III.   <u>FOR SETTLEMENT PURPOSES ONLY</u>

This Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Defendants specifically deny any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement will not constitute, be construed as, or be admissible in evidence as, any admission by Defendants of (i) the validity of any claim, defense or fact asserted in the Action, the *Batchelor* matter or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

## IV.   <u>REQUIRED EVENTS AND COOPERATION BY THE PARTIES</u>

A.   **Preliminary and Final Approval.** Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

1.   Appoint the Class Representatives as the representatives of the Settlement Class;

2.   Appoint Class Counsel to represent the Settlement Class;

3.   Certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only and without prejudice to Defendants' right to contest class certification if this Agreement is not approved;

4.   Preliminarily approve this Agreement for purposes of disseminating notice to the Settlement Class;

5.   Approve the form and contents of the Settlement Class Notice and the method of its dissemination to members of the Settlement Class; and

6.   Schedule the Fairness Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider

whether the Court shall issue a Judgment approving this Agreement, granting Class

Counsel's application for the Fee Award and an incentive award to the Class

Representatives, and dismissing the Action with prejudice.

A copy of the form of the proposed Preliminary Approval Order agreed to by the Parties is

attached hereto as Exhibit C.

**B**.      **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all

reasonable actions and steps in order to accomplish these required events on the schedule set by

the Court, subject to the terms of this Agreement.

**C.      Certification of the Settlement Class.** For purposes of this settlement only, the

Plaintiffs and the Defendants stipulate to the certification of the Settlement Class, which is

contingent upon the completion of this settlement and the occurrence of the Effective Date. Should

the settlement not be completed or the Effective Date not occur, the certification of the Settlement

Class shall be void and this Agreement will not constitute, be construed as, or be admissible in

evidence as, an admission or be used for any purpose whatsoever in this Action or any other

pending or future action.

## V.   <u>RELEASES</u>

**A.      The Release.** Upon the entry of the Judgment, and in consideration of the

Settlement Benefits described herein, each Settlement Class Member shall be deemed to have

released, acquitted and forever discharged Defendants and each of the Released Parties from any

and all past, present and future Claims or Causes of Action (the "Released Claims") that are based

upon or related to, directly or indirectly, in whole or in part (a) the allegations, facts, subjects or

issues set forth or raised in the Action, and (b) the Released Conduct. (The "Release").

**B.      Unknown Claims.** The Release includes the release of Unknown Claims.

"Unknown Claims" means claims that could have been raised in this litigation and that Plaintiffs,

any member of the Settlement Class or any Releasing Party, do not know or suspect to exist,

which, if known by him, her or it, might affect his, her or its agreement to release the Released

Parties or the Released Conduct or might affect his, her or its decision to agree, object or not to

object to the settlement. Upon the Effective Date, Plaintiffs, any member of the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**C.    Exclusive Remedy.** This Agreement shall be the sole and exclusive remedy of Settlement Class Members against any of the Released Parties relating to any and all Settled Claims and/or Released Conduct. None of the Released Parties shall be subject to liability or expense of any kind to any Settlement Class Member who has not timely filed a valid Request For Exclusion with respect to any Settled Claim. Upon the entry of the Judgment, each and every Settlement Class Member shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Settled Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

**D.    Jurisdiction of the Court.** The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, the Parties, Settlement Class Members, and the Claims Administrator in order to interpret and enforce the terms, conditions, and obligations under this

Agreement.

## VI.   SETTLEMENT BENEFITS

    **A.   Improvements to the Software Products.** As soon as practicable, but in no event later than the date fourteen (14) days after the Effective Date, Defendants agree to reprogram the Software Products as follows:

        1.   *Modifications to ARO*. Defendant Support.com shall modify the source code of its ARO software to:

            (a)   Create a clear visual distinction between the "Junk Status" and "Security Status" reporting functions within the main Graphical User Interface ("GUI") displayed to users following the performance of a diagnostic scan, so that it is apparent that such reports correspond with the detection of distinct error types; and

            (b)   Include active links within the software's GUI that, upon clicking, redirect the user to a display screen (or website) containing documentation that clearly explains the detection and reporting methodologies underlying the operations of ARO's diagnostic scan, as described more fully in Section VI.B.1.

        2.   *Modifications to Computer Checkup*. Defendants shall modify the source code of Computer Checkup to:

            (a)   Include active links within the software's GUI that, upon clicking, redirect the user to a display screen (or website) containing documentation that clearly explains the detection and reporting methodologies underlying the operations of Computer Checkup's diagnostic scan, as explained more fully in Section VI.B.2.

    **B.   New Documentation Explaining the Software Product's Functionalities.** As soon as practicable, but in no event later than the date fourteen (14) days after the Effective Date, Defendants agree to develop and publish new documentation that conforms substantially to the following:

        1.   *Documentation explaining ARO's "Junk" and "Security" status reports*. Support.com shall create documentation that explains, in a clear and concise manner, the meaning

of the "Junk" and "Security" status reports displayed to users upon completion of a diagnostic scan using ARO. Additionally, the documentation shall describe, in laymen's terms, the actual dangers posed by the errors or other problems detected by the software that informed such reports.

        2.     *Documentation explaining Computer Checkup's "Secure," "Clean," and "Optimization" System Status reports.*

Defendants shall create documentation that explains, in a clear and concise manner, the meaning of the "Secure," "Clean," and "Optimization" System Status reports displayed to users upon completion of a diagnostic scan using Computer Checkup. Additionally, the documentation should describe, in laymen's terms, the actual dangers posed by the errors or other problems detected by the software that informed such reports, including, "privacy items," "junk items," "registry errors," and "outdated drivers."

        **C.**     **Settlement Benefit Award.** Defendants shall establish the Settlement Fund, which will be in the amount of $8,595,000.00, representing the maximum amount Defendants shall be obligated to pay under this Agreement, and includes Claims Administration Expenses, Notice Expenses, the Fee Award, the incentive award to the Class Representatives described in Section XI.A of this Agreement (the "Incentive Award"), and Settlement Benefit Award payments. All such payments shall be paid from the Settlement Fund. Defendants represent that they have the financial ability to make the payments required under the terms of this Agreement and will make all such payments as they come due.

        1.     *Settlement Benefit Award Eligibility.* To be eligible for payment under the Agreement, a Settlement Class Member must affirm in the Claim Form: (i) that he, she or it purchased one or more of the Software Products, and (ii) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s). Settlement Class Members who have received a full refund of the monies paid for a Software Product shall not be entitled to receive a Settlement Benefit Award payment for such Software Product.

        2.     *Payment of Settlement Benefit Award.* Each Settlement Class Member who physically signs or verifies electronically, and timely submits a Claim Form, in the form attached

1   hereto as Exhibit B, providing all of the information requested in the Claim Form, and who is

2   determined by the Claims Administrator to be eligible for payment under the criteria set forth

3   above in Section VI.C.1, shall be entitled to a ten dollar ($10.00) payment for each Software

4   Product purchased, to be paid from the Settlement Fund. Settlement Class Members who

5   purchased a Software Product from AOL on a monthly subscription basis may not recover more

6   than a single ten-dollar ($10.00) Settlement Benefit Award. In the event that the amount in the

7   Settlement Fund, after accounting for payment of Claims Administration Expenses, Notice

8   Expenses, the full amount of the Fee Award and the Incentive Award, is not sufficient to pay in

9   full all Settlement Benefit Awards, the Claims Administrator shall make the Settlement Benefit

10  Award payments on a *pro rata* basis. To the extent relevant, any and all Remaining Funds shall

11  revert to the Defendants. The Defendants shall facilitate payments from the Settlement Fund in

12  conjunction with the Claims Administrator.

13          3.   *Anti-spyware Software*. Each Person who is identified to be a member of the

14  Settlement Class, and who does not timely submit a Request for Exclusion, shall be entitled to

15  receive three (3) months of free access to Suport.com's proprietary anti-spyware software known

16  as SUPERAntiSpyware 5. Notice of the anti-sypware software shall be provided in the Settlement

17  Class Notice, and access to the anti-spyware software will be provided to each identified member

18  of the Settlement Class via email from Defendants, which will contain a promotion code, within

19  sixty (60) after the Effective Date.

20          4.   *Refund Credit*.  Defendants shall be permitted to apply against the

21  Settlement Fund up to fifty percent (50%) of the refunds given outside the claims process set forth

22  herein to the members of the Settlement Class from February 7, 2012 until the Claims Deadline.

23  **VII.   CLAIMS PROCESS & SETTLEMENT ADMINISTRATION**

24          **A.   Submission of Claims**

25          1.   *Submission of Electronic and Hard Copy Claims*. Settlement Class

26  Members may submit electronically verified Claim Forms to the Claims Administrator through the

27  Settlement Website, or may download Claim Forms to be filled out, signed, and submitted

28

physically by mail to the Claims Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Claims Administrator may reject any Claim Forms that are incomplete, inaccurate, or not timely received.

2.      *Requests for Claim Forms*. Any Settlement Class Member unable or unwilling to complete an online Claim Form or download a Claim Form from the Settlement Website may call a toll free number, to be established by the Claims Administrator, or write to the Claims Administrator, to request a hardcopy Claim Form. In order to be sent a hardcopy Claim Form, the Settlement Class Member must provide his, her or its name and mailing address.

**B.      Claims Administrator's Duties.**

1.      *Cost Effective Claims Processing*. The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner.

2.      *Dissemination of Notices*. The Claims Administrator shall disseminate the Settlement Class Notice as provided in Section VIII *infra*.

3.      *Maintenance of Records*. The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Claims Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel, Defendants' Counsel, the Parties, and their representatives upon request. The Claims Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Claims Administrator shall provide Class Counsel, Defendants' Counsel, the Parties, and their representatives with information concerning notice, administration and implementation of the settlement. Should the Court request, the Parties and/or their representatives in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator, including a report of all amounts paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Claims Administrator shall:

(a)      Receive Requests for Exclusion from Class Members to exclude

themselves from the settlement and provide to Class Counsel and Defendants' Counsel a copy thereof within five (5) days of the deadline for submission of such forms and requests. If the Claims Administrator receives any Requests for Exclusion or other requests from Settlement Class Members after the deadline for the submission of Requests for Exclusion, the Claims Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

(b)     Provide weekly or other periodic reports to Class Counsel, Defendants' Counsel, the Parties, and their representatives upon request that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Claims Administrator, and the categorization and description of Claim Forms rejected by the Claims Administrator.

(c)     Make available for inspection by Class Counsel, Defendants' Counsel, the Parties, and their representatives the Claim Forms and any supporting documentation received by the Claims Administrator at any time upon reasonable notice.

(e)     Cooperate with any audit by Class Counsel, Defendants' Counsel, the Parties, and their representatives,  who shall have the right but not the obligation to review, audit, and evaluate all claims for accuracy, veracity, completeness and compliance with the terms and conditions of this Agreement.

4.     *Creation of Settlement Website*. The Claims Administrator shall create the Settlement Website. The Settlement Website shall contain claims information and relevant documents, including but not limited to a copy of the Settlement Class Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action. The Settlement Website shall also include a toll free number and mailing address through which Settlement Class Members may contact the Claims Administrator directly.

5.     *Review of Claim Forms*. The Claims Administrator shall reject a Claim Form where it is unsigned or incomplete, or there is evidence of abuse or fraud. Defendants' Counsel and Class Counsel, the Parties and/or their representatives shall have the right to challenge

the acceptance or rejection of a Claim Form submitted by a Settlement Class Member and such challenges shall be timely decided by the Claims Administrator, if not resolved by agreement.

6.  *Requests for Additional Information.* In the exercise of its duties outlined in this Agreement, the Claims Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

7.  *Payment of Settlement Benefit Awards.* The Claims Administrator shall pay Settlement Benefit Awards by check and mail them to Settlement Class Members via first-class mail within thirty (30) days after the Effective Date.

## VIII.   SETTLEMENT CLASS NOTICE

A.   **Direct Notice.** Within seven (7) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, Defendants shall provide the Claims Administrator with a list containing the last known e-mail address of each potential member of the Settlement Class. Within twenty-one (21) days after receipt of the e-mail list from Defendants, the Claims Administrator shall disseminate notice of the settlement to the members of the Settlement Class via e-mail by sending the Settlement Class Notice. The Settlement Class Notice shall be substantially in the form attached as Exhibit A and include an electronic link to the Settlement Website (as identified below). For e-mails that result in a bounce-back or are otherwise undeliverable, the Claims Administrator shall re-send the e-mail.

B.   **Settlement Website.** Within twenty-one (21) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, the Claims Administrator shall cause the Settlement Website to be launched on the Internet in accordance with Section VII.B.4 of this Agreement.

C.   **Contents of the Settlement Class Notice.** The Settlement Class Notice shall, *inter alia,* (i) specify the deadline for Settlement Class Members to opt-out of, object to, or otherwise comment upon the settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Fairness Hearing if, on or before the deadline to opt-out of, object to, or otherwise

comment upon the settlement, the Person making the objection files a Notice of Intention to Appear and Object and copies of such papers he, she or it proposes to submit for consideration at the Fairness Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel; (ii) instructions on how to submit a Claim Form; (iii) the deadline for Settlement Class Members to submit Claim Forms; and (iv) the date, time and location of the Fairness Hearing. A copy of the proposed notice is attached as Exhibit A hereto.

## IX.   OPT-OUT AND OBJECTIONS

**A.     Right to Exclusion.** Any Settlement Class Member may submit a Request for Exclusion from the settlement at any time during the Opt-Out Period, which shall expire sixty (60) days following the date that the Settlement Class Notice is first disseminated to the members of the Settlement Class. To be valid, any Request for Exclusion must be in writing, identify the case name *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609, state the name, address and telephone of the member(s) of the Settlement Class seeking exclusion, be physically signed by the Person(s) seeking exclusion and must be postmarked or received by the Claims Administrator on or before the end of the Opt-Out Period. Each Request for Exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *LaGarde, et al. v. Support.com, Inc., et al.*" Any Person who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. No Person may opt out of the Settlement Class through "mass" or "class" opt-outs.

**B.     Right to Object or Comment.** Any Settlement Class Member may comment in support of or in opposition to the settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Fairness Hearing. Except as the Court may order otherwise, no Settlement Class Member objecting to the settlement shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be

received and considered by the Court unless such Settlement Class Member shall both file with the Court and mail to Class Counsel and Defendants' Counsel a written objection with the caption *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609, that includes: (i) the Settlement Class Member's full name and current address, (ii) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class, (iii) the specific grounds for the objection, (iv) all documents or writings that the Settlement Class Member desires the Court to consider, and (v) a notice of intention to appear (if any). All written objections must be filed and postmarked no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in the Action or in any other action or proceeding. While the statement described in subsection (ii) above is prima facie evidence that the objector is a member of the Settlement Class, Plaintiffs and/or Defendants may take discovery regarding the matter, subject to Court approval.

## X.   TERMINATION OF AGREEMENT

The Class Representatives in this Action, on behalf of the Settlement Class Members, and any of the Defendants, solely or jointly, shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") to all other Parties hereto within forty-five (45) days of: (i) the Court's refusal to grant Preliminary Approval of the Agreement in any material respect, (ii) the Court's refusal to enter the Judgment in any material respect, and (iii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

## XI.   PLAINTIFFS' INCENTIVE AWARD, THE FEE AWARD AND COSTS

A.   **Incentive Award.** Defendants agree to pay the Class Representatives, in addition to any Settlement Benefit Award under the Agreement and in recognition of their efforts on behalf of the Settlement Class, subject to Court approval, a collective incentive award in the amount of five thousand dollars ($5,000.00), to be divided equally among Plaintiffs James LaGarde and Tim

Batchelor. Defendants shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for an incentive award to the Class Representatives if limited to this amount. Class Counsel has, in turn, agreed to seek no more than this amount from the Court as an inventive award for the Class Representatives. Defendants shall pay (by wire) to Class Counsel the incentive award approved by the Court within seven (7) days after the Effective Date.

**B.     The Fee Award.** Defendants agree to pay Class Counsel, subject to Court approval, Nine Hundred Thousand Dollars ($900,000.00), which amount shall be reduced by the amount the Claims Administration Expenses exceed $100,000, which shall include all attorneys' fees and reimbursement of expenses associated with the Action and the *Batchelor* matter. Defendants shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for reasonable attorneys' fees and for reimbursement of expenses if limited to this amount. Class Counsel has, in turn, agreed to seek no more than this amount from the Court as attorneys' fees and reimbursement of expenses. Defendants shall pay (by wire) to Class Counsel the Fee Award approved by the Court within seven (7) days after the Effective Date.

## XII.   <u>JUDGMENT</u>

This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

1.     Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

2.     Decree that neither the Judgment nor this Agreement constitutes an admission by Defendants of any liability or wrongdoing whatsoever;

3.     Bar and enjoin all Settlement Class Members from asserting against any of the Released Parties any and all Settled Claims that the Settlement Class Member had, has, or may have in the future;

4.     Release each Released Party from any Claims or Causes of Action that are based upon or related to, directly or indirectly, in whole or in part (i) the allegations, facts, subjects, or issues set forth or raised in the Action, or (ii) the Released Conduct;

5.      Determine that this Agreement is entered into in good faith and represents a fair, reasonable and adequate settlement, that is in the best interests of the members of the Settlement Class; and

6.      Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

A copy of the form of the proposed Order of Final Judgment agreed to by the Parties is attached hereto as Exhibit D.

## XIII.   REPRESENTATIONS AND WARRANTIES

Each signatory represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

## XIV.   NO ADMISSION OF WRONGDOING

This Agreement, whether or not consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

1.      Shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

2.      Shall not be described as, construed as, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any

litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

3.    Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Plaintiffs or the members of the Settlement Class after trial.

## XV.    MISCELLANEOUS PROVISIONS

**A.    Entire Agreement.** This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

**B.    Governing Law.** This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

**C.    Execution by Counterparts.** This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent via e-mail shall be treated as original signatures and shall be binding.

**D.    Notices.** Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendants to the attention of Defendants' Counsel of record, or if to Plaintiffs or the Settlement Class to Class Counsel, or to other recipients as the Court may specify.

All notices to the Parties or counsel required by this Agreement, except Requests for Exclusion and objections, shall be made in writing and communicated by mail and e-mail to the following addresses:

If to Plaintiffs or Class Counsel:

> Rafey S. Balabanian
> Benjamin H. Richman
> Edelson McGuire LLC
> 350 North LaSalle, Suite 1300
> Chicago, Illinois 60654
> Telephone: (312) 589-6370
> Facsimile: (312) 589-6378
> rbalabanian@edelson.com
> brichman@edelson.com

If to Defendants or Defendants' Counsel:

> Michael H. Page
> Durie Tangri LLP
> 217 Leidesdorff Street
> San Francisco, California 94111
> Telephone: (415) 362-6666
> Facsimile:  (415) 236-6300
> mpage@durietangri.com

**E.      Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors and legal representatives of each of the Parties hereto.

**F.      Construction.** For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

**G.      Severability.** The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

**H.      Integration of Exhibits.** The exhibits to this Agreement are an integral and material part of the settlement and are hereby incorporated and made a part of the Agreement.

**I.      Recitals.** The recitals contained in Section I of this Agreement are incorporated into this Agreement and are made a part hereof.

**J.      Headings.** The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

1        IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be

2    executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

3

4                                         **JAMES LAGARDE**, individually and on behalf of all others similarly situated,

5    Dated: _8/21/12_            By (signature): _____

6                                         Name (printed): Rafey S. Balabanian

7                                         His (title): Partner

8

9                                           **TIM BATCHELOR**, individually and on behalf of all others similarly situated,

10   Dated: _8/21/12_            By (signature): _____

11                                          Name (printed): Rafey S. Balabanian

12                                        His (title): Partner

13

14                                        **SUPPORT.COM, INC.,**

15   Dated: _____          By (signature): _____

16                                          Name (printed): _____

17                                        Its (title): _____

18

19                                        **AOL, INC.,**

    Dated: _____          By (signature): _____

20                                          Name (printed): _____

21                                        Its (title): _____

22

23

24

25

26

27

28

1    IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be

2    executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

3

4                                      **JAMES LAGARDE**, individually and on behalf of
                                        all others similarly situated,

5    Dated: _____        By (signature): _____

6                                 Name (printed): _____

7                                 His (title): _____

8

9                                      **TIM BATCHELOR**, individually and on behalf of
                                        all others similarly situated,

10   Dated: _____        By (signature): _____

11                                Name (printed): _____

12                                His (title): _____

13

14                                     **SUPPORT.COM, INC.,**

15   Dated: 8/21/2012            By (signature): _____

16                                Name (printed): GREGORY J. WRENN

17                                Its (title): SVP GENERAL COUNSEL

18

19                                     **AOL, INC.,**

19   Dated: _____        By (signature): _____

20                                Name (printed): _____

21                                Its (title): _____

22

23

24

25

26

27

28

1    IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be

2  executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

3

4                                    **JAMES LAGARDE**, individually and on behalf of
                                     all others similarly situated,

5  Dated: _____        By (signature): _____

6                                   Name (printed): _____

7                                   His (title): _____

8

9                                    **TIM BATCHELOR**, individually and on behalf of
                                     all others similarly situated,

10 Dated: _____        By (signature): _____

11                                  Name (printed): _____

12                                  His (title): _____

13

14                                   **SUPPORT.COM, INC.,**

15 Dated: _____        By (signature): _____

16                                  Name (printed): _____

17                                  Its (title): _____

18

19                                   **AOL, INC.,**

   Dated: 21 August 2012          By (signature): _J.L.NOVAK_____

20                                  Name (printed): _J. L. NOVAK_____
                                                    GENERAL COUNSEL, AOL PAID SERVICES

21                                  Its (title): ___Asst GENERAL COUNSEL, AOL INC.___

22

23

24

25

26

27

28

# Exhibit A

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*LaGarde, et al. v. Support.com, Inc., et al.*
**Case No. 3:12-cv-00609-JSC (U.S. District Court for the Northern District of California)**

**If you were charged for certain Software Products described
below prior to [date of preliminary approval],
you may be part of a class action settlement.**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

*(A federal court authorized this notice. It is <u>not</u> a solicitation from a lawyer.)*

Your legal rights are affected whether or not you act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE BY [DATE]** | The only way to receive a Settlement Benefit. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | Receive no Settlement Benefit. This is the only option that allows you to pursue claims alleged in the Action against the Defendants by filing your own lawsuit at your own expense. |
| **COMMENT BY [DATE]** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. *(The date and time of the final Fairness Hearing is subject to change by Court Order. See Section 10 below.)* |
| **DO NOTHING** | Receive no Settlement Benefit and give up your right to sue. |

● These rights and options, and the deadlines to exercise them, are explained in this notice.
● The Court overseeing this case still has to decide whether to approve the Settlement. Payments and other Settlement Benefits will be made if the Court approves the Settlement and after any appeals are resolved.

| 1.   What is this notice and why should I read it? |
| --- |

This notice is to inform you of the settlement of a class action lawsuit in the case captioned *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-JSC (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of California. You need not live in California to get a benefit under the Settlement. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on [date] at [time] at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom [F, 15th Floor] to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and a collective incentive award for the Class Representatives. This notice describes the Settlement. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

| 2.   What is a class action lawsuit and what is this lawsuit about? |
| --- |

A class action is a lawsuit in which one or more plaintiffs—in this case, the individuals James LaGarde and Tim Batchelor (collectively "Plaintiffs")—sue on behalf of themselves and other people who allegedly have similar claims. Here, Plaintiffs filed a class action complaint against Defendants Support.com, Inc. ("Support.com") and AOL, Inc. ("AOL") in the Northern District of California on behalf of people who purchased certain of Defendants' Software Products—Support.com's Advanced Registry Optimizer ("ARO") and AOL's Computer Checkup—alleging that the Software Products did not perform certain functions as advertised. A more complete description of the allegations is set forth in the Second Amended Complaint.

Although Support.com and AOL deny Plaintiffs' claims of wrongdoing, the Parties have agreed to settle all claims against Defendants by entering into a written settlement agreement entitled "Stipulation of Class Action Settlement" (the "Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in Section 4 below.

The Agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court has ordered this notice to be disseminated to the Settlement Class and is required to hold a Fairness Hearing to determine whether final approval may be granted to the Settlement, before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes, so that Settlement Class Members can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the relief offered by the Settlement. If the Settlement is not granted final approval by the Court,

or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Settlement Class.

| **3. Why is there a settlement?** |
|---|

The Court has not decided in favor of either side in the case. The Defendants deny all allegations of wrongdoing or liability against them and assert that their conduct was lawful. The Defendants are settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiffs and their attorneys believe that the settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

| **4. Who is included in the Settlement?** |
|---|

The Settlement Class includes all individuals and entities in the United States and its territories that have paid monies for any version of Defendants ARO and/or Computer Checkup software at any time until [date of preliminary approval order].

| **5. What does the Settlement provide?** |
|---|

    **A.**    **Monetary Relief and Free Software.**

        **i.**    **Payments**. Defendants will make a check payment of ten dollars ($10.00) to each Settlement Class Member who submits a valid Claim Form in accordance with the procedure set forth below for each Software Product they have purchased and for which they have not already received a full refund. In addition, Defendants have agreed to pay Class Counsel's attorneys' fees and costs not to exceed $900,000.00, a collective incentive award to the Class Representatives totaling $5,000.00, and the administrative costs of the Settlement up to $100,000.

If you are a member of the Settlement Class (defined in the answer to Question No. 4 above), and you choose to stay in the Settlement Class, you can submit a Claim Form to receive a check payment.

        **ii.**    **Anti-spyware Software**. Each Settlement Class Member shall also be entitled to receive three (3) months of free access to Support.com's proprietary anti-spyware software known as SUPERAntiSpyware 5, regardless of whether they have already received a full refund of the money paid to purchase a Software Product.

        **iii.**    **Process.** To be eligible for a check payment under the Settlement, a Settlement Class Member must affirm in the Claim Form: (1) that he, she or it purchased one or more of the Software Products, and (2) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s).

You can download a Claim Form from the Settlement Website by going to [website] and following the instructions provided on the website. You can also obtain a claim form by writing to the Claims Administrator at [address] or calling toll-free [phone number]. Your Claim Form must be postmarked or electronically submitted by [date].

**B.      Prospective Relief.**

As part of the Settlement, the Defendants have agreed that, as soon as practicable, but no later than fourteen days from the Effective Date of the Agreement, to: (i) modify the source code of the Advanced Registry Optimizer software to create a clear visual distinction between the "Junk Status" and "Security Status" reporting functions within the main Graphical User Interface ("GUI") displayed to users following the performance of a diagnostic scan, so that it is apparent that those reports correspond with the detection of distinct error types; and (ii) include active links within the GUI of the Advanced Registry Optimizer and Computer Checkup software that, upon clicking, redirect the user to a display screen or website containing documentation that clearly explains the detection and reporting methodologies underlying the operations of the software's diagnostic scan. Defendants have also agreed to create additional documentation that explains the meaning of the reports provided to users, and in laymen's terms, describes the actual dangers posed by the errors or problems detected.

| 6.   Who represents the Settlement Class? |
|---|

**A.      Class Representatives**.  For purposes of the Settlement, the Court has appointed Plaintiffs James LaGarde and Tim Batchelor to serve as the Class Representatives.

**B.      Settlement Class Counsel**.  The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson McGuire LLC as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in February of 2012 to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses (including their court costs) in a total amount not to exceed $900,000.00. The Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and reimbursable expenses up to $900,000.00. If the Court approves the attorneys' fee application, it will be paid by Defendants. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

4

| **7.  How can I exclude myself from the Settlement Class?** |
|---|

You can get out of the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a Claim Form, and you won't be allowed to claim any of the relief offered by the Settlement. If you exclude yourself from the Settlement Class, you can pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class in *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-JSC. Your Request for Exclusion must include your name, address, telephone number, signature, and a signed statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *LaGarde, et al. v. Support.com, Inc., et al.*" **Your Request for Exclusion must be postmarked no later than [date], and sent to the Claims Administrator at the following address: [insert address].**

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time, will not be valid and the person(s) asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Settlement Class Member.

**If you elect to exclude yourself, you will (i) not have any rights as a member of the Settlement Class pursuant to the Agreement, (ii) not be able to receive any Settlement Benefit as provided in the Agreement, (iii) not be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against the Defendants by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under the Agreement, or no benefit at all.**

| **8.  How can I tell the Court what I think about the Settlement?** |
|---|

**If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so**.  Your objection to or comment on the Settlement must be submitted in writing by [date] and **must be sent to the Court and the attorneys for the Parties at the addresses below:**

| **Clerk of the Court** | **Settlement Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court | Jay Edelson | Michael H. Page |
| U.S. Dist. Ct.. N.D. Cal. | Rafey S. Balabanian | Durie Tangri LLP |
| 450 Golden Gate Avenue | Benjamin H. Richman | 217 Leidesdorff Street |
| San Francisco, CA 94102 | Chandler R. Givens | San Francisco, CA 94111 |
| | Edelson McGuire LLC | |
| | 350 N. LaSalle, Suite 1300 | |
| | Chicago, IL 60654 | |

The objection or comment must be in writing and include the case name *LaGarde, et al. v. Support.com, Inc., et al.,* No. 3:12-cv-00609-JSC, and: (a) the Settlement Class Member's full name and current address; (b) a signed declaration that he or she is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all arguments, citations, evidence, and documents or writings that the Settlement Class Member desires the Court to consider; and (e) notice of the Settlement Class Member's intention to appear (if any). The Court will consider all comments from Settlement Class Members. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not submit a written comment on the Settlement or the application of Class Counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described in this notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and, if the Settlement is granted final approval, to have released the Released Claims (defined in the Agreement).

## 9.  What is the effect of final approval of the Settlement?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case as to the Defendants. Claim Forms and payments under the Settlement will then be processed, claims payments will be distributed, and access to the free anti-spyware software will be distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release, acquit and forever discharge the Defendants, and each of the Released Parties from any and all past, present and future Claims or Causes of Action (as defined in the Agreement) that are based upon or related to, directly or indirectly, in whole or in part: (a) the allegations, facts, subjects or issues set forth or raised in the Action, and (b) the Released Conduct (as defined in the Agreement). Please refer to Section V of the Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will <u>not</u> be permitted

to continue to assert Released Claims in any other litigation against the Defendants or other persons and entities covered by the Release. You can obtain a copy of the Agreement from the Clerk of the Court, online at [website], or by writing to the Claims Administrator at [address]. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Agreement, or will recover anything at all.

**10. When and where will the Court hold a hearing on the fairness of the Settlement?**

A Fairness Hearing has been set for [date] at [time], before The Honorable Jacqueline Scott Corley at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom [F, 15th Floor]. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.

**Note:**  The date and time of the Fairness Hearing are subject to change by Court Order.

**11. Do I have to come to the Fairness Hearing?  May I speak at the hearing?**

You do not need to attend the Fairness Hearing to remain a Settlement Class Member or submit a claim. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses by following the instructions in No. 8 above.

**12. How do I receive the Settlement Benefits?**

If you do not exclude yourself from the Settlement Class, and would like to receive the benefits provided by the Settlement, you must submit a timely and valid Claim Form as set forth in No. 5 above. **Claim Forms must be submitted online or by mail postmarked by [date]**. You can download a copy of the appropriate Claim Form online at [website], or by writing to the Claims Administrator at: [address].

**13. What happens if I do nothing at all?**

If you do nothing, you will receive no payment under the Settlement. You will still be part of the

Settlement Class, however, and, subject to the Release described in Section V of the Agreement. This means you will not be permitted to continue to assert released claims in any other case against Defendants or other persons and entities covered by the Release. Please refer to Section V of the Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

| |
|---|
| **14. Where can I get additional information?** |

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Agreement. You can view the Agreement and get more information at [website]. You can also get more information by writing to the Claims Administrator at [address] or calling toll-free [number]. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of California (San Francisco Division), at the Phillip Burton Federal Building, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

If you would like additional information, you can write to Class Counsel at the address listed in No. 8 above.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

# Exhibit B

*LaGarde, et al. v. Support.com, Inc., et al.*, **No. 3:12-cv-00609-JSC (N.D. Cal.)**
**CLAIM FORM**

**NOTE: If you are a Settlement Class Member and believe you are entitled to receive a cash payment for the Software Product(s) you purchased from Support.com, Inc. and/or AOL, Inc., you must complete this Claim Form pursuant to the terms of the settlement Agreement. For your claim to be considered valid, you must provide the information requested below, including your signature (or electronic verification). Your claim form <u>must be postmarked or completed online on or before</u> [date].**

**Instructions for completing this form are found below**. Please fill out the information below completely. If the information you provide is insufficient to determine whether you are a Settlement Class Member, your claim may be rejected.

Name: _____

Address: _____

Email Address: _____   Phone Number: _____

Please note that Support.com sold and/or distributed its Software Products either directly or through a subscription based service through AOL. Further note that the term "Software Products" means (a) any software designed or offered under the Advanced Registry Optimizer ("ARO") name or brand, sold or licensed by Defendants Support.com, Inc. and/or AOL, Inc., and (b) any software designed or offered under the Computer Checkup name or brand, sold or licensed by Defendants Support.com, Inc. and/or AOL, Inc.

These products and services are described in more detail on the Settlement Website at [website].

**PRODUCT PURCHASE INFORMATION:**

1.   I, _____ (your name), submit this declaration.

2.   I paid for the following Software Products:
   a.  Name of the Software Product or Products: _____;
   b.  Purchase Date: Month/Year _____ (or best estimate);
   c.  Who did you buy the Software Product from: _____
   _____

3.   Have you received a full refund of the money you paid for the Software Product(s) listed in No. 2 and 3 above? (Yes <u>or</u> No): _____
   _____

***If you have already received a full refund of the money you paid for the Software Product(s) listed above, you are not entitled to any addition payment under this settlement.

The Parties have the right to audit all claims for accuracy, veracity and compliance with the terms and conditions of the settlement Agreement.

I declare under penalty of perjury of the laws of the United States that all of the foregoing is true and correct.

Dated: _____, 20____.                    _____

**INSTRUCTIONS FOR COMPLETION OF THIS CLAIM FORM:**

1.      Please print or type all information legibly and carefully. A check and an e-mail with instructions about how to obtain free access to Support.com's anti-spyware software will be sent to the individual whose name appears on the claim form.

2.      You may submit a claim only if you were charged for one or more of the Software Products listed prior to [<mark>Date of Preliminary Approval</mark>].

3.      If your claim is valid and timely, and you have not already received a full refund of the money you paid for the Software Product(s) you purchased, you may recover $10 for each Software Product.

# Exhibit C

1    SEAN P. REIS (SBN 184044)
     sreis@edelson.com
2    EDELSON MCGUIRE LLP
     30021 Tomas Street, Suite 300
3    Rancho Santa Margarita, California 92688
     Telephone: (949) 459-2124
4    Facsimile: (949) 459-2123

5    *Attorneys for Plaintiffs*

6    MICHAEL H. PAGE (SBN 154913)
     mpage@durietangri.com
7    DURIE TANGRI LLP
     217 Leidesdorff Street
8    San Francisco, CA 94111
     Telephone: (415) 362-6666
9    Facsimile: (415) 236-6300

10    *Attorneys for Defendants*

11

12            **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14            **SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES LAGARDE and TIM BATCHELOR, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00609-JSC |
| *Plaintiffs,* | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| *v.* | |
| SUPPORT.COM, INC. d/b/a SAMMSOFT, a Delaware corporation, and AOL, INC., a Delaware corporation, | Judge: Honorable Jacqueline Scott Corley<br>Action Filed: February 7, 2012 |
| *Defendants.* | |

This matter having come before the Court on Plaintiffs' motion for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiffs James LaGarde and Tim Batchelor (collectively, "Plaintiffs"), and Defendants Support.com, Inc. and AOL, Inc., (collectively, "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement (the "Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Agreement.

2.      The Court has conducted a preliminary evaluation of the Settlement set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is cause to believe that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) the notice of the material terms of the Settlement to Settlement Class Members for their consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the Settlement.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals and entities in the United States and its territories that have paid monies for any version of Defendants' Advanced Registry Optimizer and/or Computer Checkup software at any time until the date of this Preliminary Approval Order.

4.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiffs James LaGarde and Tim Batchelor as Class Representatives.

5.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and Chandler R. Givens of Edelson McGuire LLC, as Class Counsel.

6.          On [date] at [time] or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement and to determine whether (a) final approval of the Settlement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and a collective incentive award to Plaintiffs, should be granted, and in what amount. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement (as set forth below), Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiffs as Class Representatives. No later than the date twenty-eight (28) days prior to the Fairness Hearing, Plaintiffs must file their papers in support of final approval of the Settlement and in response to any objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than the date twenty-eight (28) days prior to the Fairness Hearing.

7.          Pursuant to the Agreement, Epiq Systems is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of claims, the Agreement provides for Settlement Class Members to submit claims online without the need for a manual signature. However, by submitting an online claim form, such Settlement Class Members shall be bound to the same extent as if they had used a manual signature.

8.          The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by e-mail and establishing a Settlement Website, as more fully described in the Agreement. The plan for giving notice, in form, method, and content, complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Claims Administrator to complete all aspects of the notice plan no later than twenty-eight (28) days following the entry of this Preliminary Approval Order and in accordance with the terms of the Agreement.

9.     All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their Request for Exclusion in writing, identifying the case name *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-JSC, and state the name, address, and phone number of the Settlement Class Member(s) seeking exclusion. Each Request for Exclusion must also contain a signed statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in the case *LaGarde, et al. v. Support.com, Inc., et al.*"  The request must be mailed to the Claims Administrator at the address provided in the notice and postmarked no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. A Request for Exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not received within the time specified, shall be invalid and the person(s) serving such a request shall be deemed a member(s) of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement. The Claims Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel.

10.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Class Counsel and Defendants' Counsel prior to the Fairness Hearing. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her or its comment to be considered by the Court; however, all arguments, papers, briefs, and any evidence that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy postmarked to Class Counsel and Defendants' Counsel, no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. All Objections shall include the caption *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-JSC, and provide: (a) the Settlement Class Member's full name and current address; (b) a signed declaration that he, she or it is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that such Settlement Class

Member desires the Court to consider; and (e) a notice of intention to appear (if any).

11.    Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this action or in any other action or proceeding. While the declaration described in subparagraph 10(b) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiffs or Defendants or both may take discovery regarding the matter, subject to Court approval. If a Settlement Class Member does not submit a written comment on the proposed settlement or the application of Class Counsel for attorneys' fees and expenses in accordance with the deadline and procedure set forth in the notice, and the Settlement Class Member is not granted relief by the Court, the Settlement Class Member will waive his, her or its right to be heard at the Fairness Hearing.

12.    The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated,

1  the Action shall proceed as if the Settlement Class had never been certified (including Defendants'

2  right to oppose any subsequent motion for class certification), and no reference to the Settlement

3  Class, the Agreement, or any documents, communications, or negotiations related in any way

4  thereto shall be made for any purpose.

5

6      **IT IS SO ORDERED** this ____day of _____, 2012.

7

8                                    _____

9                                    HONORABLE JACQUELINE SCOTT CORLEY
                                     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit D

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

*Attorneys for Plaintiffs*

MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES LAGARDE and TIM BATCHELOR, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> SUPPORT.COM, INC. d/b/a SAMMSOFT, a Delaware corporation, and AOL, INC., a Delaware corporation, <br><br> *Defendants.* | Case No. 3:12-cv-00609-JSC <br><br> **[PROPOSED] FINAL JUDGMENT ORDER** <br><br> Judge: Honorable Jacqueline Scott Corley <br> Action Filed: February 7, 2012 |

The Court, having considered Plaintiffs' Motion for Final Approval (the "Motion for Final Approval") of the settlement (the "Settlement") of the above-captioned case (the "Action") brought by Plaintiffs James LaGarde and Tim Batchelor (collectively, "Plaintiffs"), against Support.com, Inc. and AOL, Inc. (collectively, "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement dated [date] (the "Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on [date], finds that:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      On [date], this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All individuals and entities in the United States and its territories that have paid monies for any version of Defendants' Advanced Registry Optimizer and/or Computer Checkup software at any time until [date of preliminary approval].

4.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the notice, which included direct e-mail notice and the creation of a settlement website, fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

5.      The Agreement was arrived at after arms-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and thus, is supported by Plaintiffs and Class Counsel.

6.      The Settlement as set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation

1    and the risks involved in establishing liability and damages and in maintaining a class action

2    through trial and appeal.

3          7.     The Settlement consideration provided under the Agreement constitutes fair value

4    given in exchange for the release of the Released Claims against the Released Parties. The Court

5    finds that the consideration to be paid to members of the Settlement Class is reasonable,

6    considering the facts and circumstances of the claims and affirmative defenses asserted in the

7    Action, and the potential risks and likelihood of success of alternatively pursuing trials on the

8    merits.

9          8.     The persons listed on Addendum A hereto are found to have validly excluded

10   themselves from the Settlement Class in accordance with the provisions of the Preliminary

11   Approval Order.

12         **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

13         9.     The Agreement is finally approved as fair, reasonable, adequate, and in the best

14   interests of the Settlement Class. The Parties are directed to consummate the Agreement in

15   accordance with its terms. The Parties and Settlement Class Members who did not timely exclude

16   themselves from the Settlement Class are bound by the terms and conditions of the Agreement.

17         10.    The following Settlement Class is hereby finally certified, solely for purposes of

18   this settlement, pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3):

19
        All individuals and entities in the United States and its territories that have paid
20      monies for any version of Defendants' Advanced Registry Optimizer and/or
        Computer Checkup software at any time until [date of preliminary approval].

21         11.    The requirements of Rules 23(a), (b)(2) and (b)(3) have been satisfied for settlement

22   purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there

23   are questions of law or fact common and predominant to the Settlement Class Members; the claims

24   of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and

25   adequately protect the interests of the Settlement Class; and this class action is superior to other

26   available methods for the fair and efficient adjudication of the controversy between the Parties.

27

28

1    12.    The preliminary appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H.

2   Richman and Chandler R. Givens as Class Counsel is hereby confirmed.

3    13.    Class Counsel are experienced in class litigation, including litigation of similar

4   claims in other cases, and have fairly and adequately represented the interests of the Settlement

5   Class.

6    14.    The Action is hereby dismissed without prejudice and without costs. This dismissal

7   without prejudice shall not allow the Parties or any members of the Settlement Class to litigate or

8   otherwise reopen issues resolved by this judgment, or included within the Released Claims or

9   Released Conduct, but is "without prejudice" so as to allow the Court to supervise the

10   implementation and administration of the Settlement. This judgment has been entered without any

11   admission by Defendants of liability or as to the merits of any of the allegations in Plaintiffs'

12   Second Amended Complaint.

13    15.    The Parties are directed to distribute the consideration to the Settlement Class

14   pursuant to Section VI of the Agreement.

15    16.    The Releasing Parties release and forever discharge the Released Parties from the

16   Released Claims.

17    A.    As used in this Order, the "Releasing Parties" means each of the Plaintiffs,

18   any Person in the Settlement Class (except a member of the Settlement Class who has

19   obtained proper and timely exclusion as reflected in Addendum A), any Person claiming or

20   receiving a Settlement Benefit, and each of their respective spouses, children, heirs,

21   associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors,

22   successors, assignees, representatives of any kind, shareholders, partners, directors,

23   employees, or affiliates.

24    B.    As used in this Order, the "Released Parties" means Support.com, Inc. and

25   AOL, Inc., their respective predecessors, successors, assigns, parents, subsidiaries,

26   divisions, departments, and any and all of their past, present, and future officers, directors,

27

28

employees, stockholders, partners, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing.

C.      As used in this Order, the "Released Claims" shall mean any and all rights, duties, obligations, claims, actions, causes of action, damages, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that arise out of or relate in any way to: (1) the design, use, functionality, operation, and/or performance of the Software Products, (2) the marketing, advertising, purchasing, sale or renewal of the Software Products, (3) warranties, representations, or omissions relating to the Software Products, and (4) charges to, refunds granted (or not granted) to, or payments by, any consumer for the Software Products or their license or subscription or renewal.

17.      The release in Paragraph 16 of this Order includes the release of all Unknown Claims.  "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Conduct or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, any Settlement Class Member, or any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of

Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

18.     As soon as practicable, but in no event later than a date fourteen (14) days after the Effective Date of the Agreement, Defendants shall institute the following:

A.     Modifications to the Advanced Registry Optimizer Software. Defendant Support.com shall modify the source code of its Advanced Registry Optimizer Software ("ARO") to: (a) create a clear visual distinction between the "Junk Status" and "Security Status" reporting functions within the main Graphical User Interface ("GUI") displayed to users following the performance of a diagnostic scan, so that it is apparent that such reports correspond with the detection of distinct error types, and (b) include active links within the software's GUI that, upon clicking, redirect the user to a display screen or website that contains documentation that clearly explains the detection and reporting methodologies underlying the operations of ARO's diagnostic scan as set forth in the Agreement.

B.     Modifications to Computer Checkup. Defendants shall modify the source code of the Computer Checkup software to include active links within the software's GUI that, upon clicking, redirect the user to a display screen or website that contains documentation that clearly explains the detection and reporting methodologies underlying the operations of Computer Checkup's diagnostic scan as set forth in the Agreement.

19.     The Court awards to Class Counsel $900,000.00, which shall include all attorneys' fees and reimbursement of expenses associated with the Action.

20.     The Court awards to Plaintiffs $5,000.00, as a collective Incentive Award for their

1    time and effort serving as the Class Representatives in this Action.

2        21.    Without affecting the finality of this judgment, the Court retains exclusive

3    jurisdiction of the Settlement, including without limitation, issues concerning its administration

4    and consummation. The Court also retains exclusive jurisdiction over Defendants, Plaintiffs, and

5    Settlement Class Members regarding the Agreement and this Final Judgment Order. Defendants,

6    Plaintiffs, and Settlement Class Members are hereby deemed to have submitted irrevocably to the

7    exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or

8    relating to the Released Claims, this Order, and the Agreement, including, but not limited to, the

9    applicability of the Released Claims, this Agreement, or this Order. Without limiting the generality

10   of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit,

11   action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of

12   the Agreement are asserted as a defense in whole or in part to any claim or cause of action or

13   otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or

14   relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent

15   possible under applicable law, the Parties hereto and all Settlement Class Members are hereby

16   deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or

17   otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that

18   this Court is, in any way, an improper venue or an inconvenient forum.

19       22.    The Agreement and the proceedings and statements made pursuant to the

20   Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any

21   event be construed as, offered in evidence as, received in evidence as, and/or deemed to be

22   evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the

23   truth of any fact alleged or the validity of any claim or defense that has been, could have been, or

24   in the future might be asserted in the Action, any other litigation, court of law or equity,

25   proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or

26   other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties.

27

28

Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

23.     The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

24.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).


**IT IS SO ORDERED** this _____ day of _____, 2012.



_____
HONORABLE JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE