```
SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

JAY EDELSON (Admitted Pro Hac Vice)
jedelson@edelson.com
RAFEY S. BALABANIAN (Admitted Pro Hac Vice)
rbalabanian@edelson.com
BENJAMIN H. RICHMAN (Admitted Pro Hac Vice)
brichman@edelson.com
CHANDLER R. GIVENS (Admitted Pro Hac Vice)
cgivens@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
```

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES LAGARDE and TIM BATCHELOR, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>SUPPORT.COM, INC. d/b/a SAMMSOFT, a Delaware corporation, and AOL, INC., a Delaware corporation,<br><br>    *Defendants.* | Case No. 3:12-cv-00609-JSC<br><br>**DECLARATION OF MALLORY SANDER**<br><br>Judge: Honorable Jacqueline Scott Corley<br><br>Action Filed: February 7, 2012 |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I, Mallory Sander, am a Project Manager at Epiq Systems, Inc. ("Epiq"). I am over the age of eighteen and am fully competent to make this declaration. I am familiar with the actions taken by Epiq with respect to the Settlement reached thus far and the corresponding proposed class notice program in the above captioned case. This declaration is based upon my personal knowledge and information provided to me by those whose regular job function it is to have such information and is accurate and truthful to the best of my knowledge.

2. Epiq is a full-service data processing company and has been administering bankruptcies since 1985 and settlements since 1993, including settlements of class actions, mass tort matters, Securities and Exchange Commission and Federal Trade Commission disgorgement actions, and other major litigation. Our associates include technology experts, attorneys, paralegals, MBAs, and CPAs. Epiq has administered more than 1,000 settlements in some of the largest and most complex class action cases ever settled. As described above, Epiq is a firm with more than 20 years of experience in data processing, claims processing, and settlement administration. Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notice, receipt and processing of opt-outs by potential class members, coordination with the United States Postal Service, claims database management, claim adjudication, fund management, and distribution services. Epiq works with the settling parties, the Court, and the settlement class members in a neutral facilitation role, taking the negotiated terms of a settlement and implementing settlement administration services.

**OVERVIEW OF EPIQ'S RESPONSIBILITIES IN THE SETTLEMENT**

3. Epiq was appointed by the parties and approved by the Court to administer this Settlement. Epiq's responsibilities in connection with this Settlement included:

   a. delivering notice of the Settlement to the Attorney General of the United States, as well as the Attorneys General of each state, pursuant to 28 U.S.C. § 1715(b);

   b. delivering the Notice to Settlement Class members via e-mail;

c. mailing the Long Form Notice and Claim Form ("Claim Package") to those who have requested the same;

d. establishing and maintaining an informational website which provides potential Class Members access to the Settlement information, case documents, and the ability to submit Claim Forms online;

e. establishing and maintaining a toll-free number with an Interactive Voice Response ("IVR"), which provides an automated recorded message, frequently asked questions, and the ability to request a Claim Package mailing; and,

f. delivering the activation codes for access to SUPERAntiSpyware 5 software via email to Settlement Class members upon final approval of the Settlement.

**DISSEMINATION OF NOTICE**

4. As part of the administration of the Settlement, one of Epiq's responsibilities was to cause notice of the Settlement to the Attorney General of the United States, as well as the Attorneys General of each state, pursuant to 28 U.S.C. § 1715(b). Accordingly, on September 26, 2012, Epiq delivered via U.S. mail notice of the Settlement to the Attorney General of the United States, as well as the Attorneys General of each state. Included with that notice was a CD-ROM, which contained the following documents: (i) a copy of the Plaintiffs' Second Amended Class Action Complaint, (ii) a copy of the Parties' Stipulation of Class Action Settlement and Exhibits A and B to the same, (iii) Plaintiffs' Motion for Preliminary Approval, and (iv) a copy of the Declaration of Rafey S. Balabanian in Support of Motion for Preliminary Approval.

5. With respect to the e-mail Notice to Settlement Class members, Epiq used a multi-faceted process to ensure that the Notice reached the greatest number of Settlement Class members possible, while avoiding spam filters and other potential barriers to delivery of the Notice. The practices and procedures outlined herein are those that Epiq typically uses in the normal course of its work as claims administrator, and have been implemented successfully in other similar class actions in the past.

DECLARATION OF MALLORY SANDER   2   CASE NO. 3:12-CV-00609-JSC

6. First, on November 9, 2012, Epiq received the class list containing 799,888 email addresses from defense counsel. After removing duplicate email addresses, 795,314 valid email addresses remained.

7. Second, Epiq populated the "From" display name and "From" display address in each e-mail with a name and address easily recognizable by Settlement Class members (i.e., LaGarde Settlement Administrator and administrator@lagardesettlement.com). In that way, Settlement Class members receiving the e-mail Notice would be able to easily identify from whom the message was sent.

8. Third, each e-mail Notice included an opt-out option, including instructions on how Settlement Class members may remove themselves from future mailings.

9. Fourth, Epiq refrained from the use of punctuation in the subject line of the e-mail Notice, as certain punctuation (e.g., exclamation points) can cause an e-mail to be marked as spam. Specifically, the subject line of the e-mails in this case was "Legal Notice Regarding Class Action Settlement." Based upon our experience with other notice campaigns involving e-mail notice, we believed this particular subject line would assist in avoiding spam filters and other similar hindrances to delivery.

10. Fifth, Epiq transmitted both a text only and HTML version of the e-mail Notice simultaneously. This was also done to increase the likelihood that the e-mail would be deliverable.

11. Sixth, the e-mail Notice was sent in batches of 25,000, also to avoid spam filters, which are often activated in response to large bulk mailings.

12. Having implemented each of these precautions, on November 30, 2012 each of the 795,314 email addresses contained on the email list were sent the Notice. The Email Notice is included as Attachment A hereto.

13. 65,384 of the 795,314 emails sent bounced back or were otherwise undeliverable. 54,226 of these emails were returned due to "soft bounce back" reasons.

14. Therefore on January 11, 2013, a second attempt was made to email the Notice to those email addresses associated with a "soft bounce back." Of the 54,226 emails sent, 12,494 were returned as undeliverable.

15. After both the first and second rounds of email Notice were disseminated, Epiq also monitored the email inbox for the case and re-sent 46 emails due to 'captcha' requests, address updates, and other requests for additional action.

**OBJECTION AND EXCLUSION REQUESTS**

16. The Notice emailed to the class members provided a deadline of January 29, 2013 for class members to exclude themselves from the Settlement by mailing a timely and complete request for exclusion. As of February 18, 2013 Epiq received 3 requests for exclusion. A list of individuals that opted out of the Settlement is attached to this declaration as Attachment B.

17. The Notice emailed to the class members provided a deadline of January 29, 2013 for class members to object to the Settlement. As of February 18, 2013 Epiq has received zero (0) objections.

**INFORMATION CENTER AND TELEPHONE SUPPORT**

18. As provided in the Stipulation of Class Action Settlement and directed by the Court, Epiq launched the Settlement website on November 21, 2012. The Internet website, www.lagardesettlement.com, contains extensive information and materials pertaining to the Settlement, including answers to frequently asked questions, a downloadable Claim Form, the Long Form Notice, the Settlement Agreement, and the Preliminary Approval Order. The website also includes a list of the key deadlines and dates. Further, it allows for Settlement Class members to submit claims online through an electronic Claim Form. The website will remain in service through the end of the Settlement administration.

19. Epiq established an Interactive Voice Response ("IVR") to provide information to potential Class Members and others seeking information about the proposed Settlement. The IVR opened on November 21, 2012 and is still operating.

20. The toll-free telephone line, 1-888-722-0637, is a 24-hour automated service line that provides information regarding the Settlement and answers to frequently asked questions, as well as providing callers with the option to request that a Claim Package be mailed to them. This telephone line will be available through the end of the Settlement administration.

21. Epiq rented a post office box under the name of LaGarde Settlement Administrator (P.O. Box 2995, Portland, OR 97208-2995) to receive communications from potential Class Members. The post office box address was published in the Notice and is available through the IVR and the Settlement website.

\*             \*             \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of February 2013 at Beaverton, Oregon.

_____
Mallory Sander

# Exhibit A

**Sander, Mallory**

| | |
|---|---|
| **From:** | LaGarde Settlement Administrator |
| **Sent:** | Thursday, November 29, 2012 2:20 PM |
| **To:** | Bonfoey-Lengyel, Donna |
| **Subject:** | HTML Sample -- Legal Notice Regarding Class Action Settlement |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*LaGarde, et al. v. Support.com, Inc., et al.*

Case No. 3:12-cv-00609-JSC (U.S. District Court for the Northern District of California)

**If you were charged for certain Software Products described below prior to November 2, 2012, you may be part of a class action settlement.**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM
UNDER THE SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

(A federal court authorized this notice. It is *not* a solicitation from a lawyer.)

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE BY FEBRUARY 28, 2013** | The only way to receive a Settlement Benefit. |
| **Exclude Yourself from the Class by January 29, 2013** | Receive no Settlement Benefit. This is the only option that allows you to pursue claims alleged in the Action against the Defendants by filing your own lawsuit at your own expense. |
| **Comment by January 29, 2013** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **Attend a Hearing on March 7, 2013 at 9:00 a.m.** | Ask to speak to the Court about the fairness of the Settlement. *(The date and time of the final Fairness Hearing is subject to change by Court Order. See Section 10 below.)* |

| Do Nothing | Receive no Settlement Benefit and give up your right to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.
- The Court overseeing this case still has to decide whether to approve the Settlement. Payments and other Settlement Benefits will be made if the Court approves the Settlement and after any appeals are resolved.

### 1. What is this notice and why should I read it?

This notice is to inform you of the settlement of a class action lawsuit in the case captioned *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-JSC (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of California. You need not live in California to get a benefit under the Settlement. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on March 7, 2013 at 9:00 a.m. at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom F, 15th Floor to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and a collective incentive award for the Class Representatives. This notice describes the Settlement. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

### 2. What is a class action lawsuit and what is this lawsuit about?

A class action is a lawsuit in which one or more plaintiffs—in this case, the individuals James LaGarde and Tim Batchelor (collectively "Plaintiffs")—sue on behalf of themselves and other people who allegedly have similar claims. Here, Plaintiffs filed a class action complaint against Defendants Support.com, Inc. ("Support.com") and AOL, Inc. ("AOL") in the Northern District of California on behalf of people who purchased certain of Defendants' Software Products—Support.com's Advanced Registry Optimizer ("ARO") and AOL's Computer Checkup—alleging that the Software Products did not perform certain functions as advertised. A more complete description of the allegations is set forth in the Second Amended Complaint.

Although Support.com and AOL deny Plaintiffs' claims of wrongdoing, the Parties have agreed to

2

settle all claims against Defendants by entering into a written settlement agreement entitled "Stipulation of Class Action Settlement" (the "Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in Section 4 below.

The Agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court has ordered this notice to be disseminated to the Settlement Class and is required to hold a Fairness Hearing to determine whether final approval may be granted to the Settlement, before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes, so that Settlement Class Members can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the relief offered by the Settlement. If the Settlement is not granted final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Settlement Class.

### 3. Why is there a Settlement?

The Court has not decided in favor of either side in the case. The Defendants deny all allegations of wrongdoing or liability against them and assert that their conduct was lawful. The Defendants are settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiffs and their attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

### 4. Who is included in the Settlement?

The Settlement Class includes all individuals and entities in the United States and its territories that have paid monies for any version of Defendants' ARO and/or Computer Checkup software at any time until November 2, 2012.

### 5. What does the Settlement provide?

3

A. **Monetary Relief and Free Software.**

i. **Payments.** Defendants will make a check payment of ten dollars ($10.00) to each Settlement Class Member who submits a valid Claim Form in accordance with the procedure set forth below for each Software Product they have purchased and for which they have not already received a full refund. In addition, Defendants have agreed to pay Class Counsel's attorneys' fees and costs not to exceed $900,000.00, a collective incentive award to the Class Representatives totaling $5,000.00, and the administrative costs of the Settlement up to $100,000.

If you are a member of the Settlement Class (defined in the answer to Question No. 4 above), and you choose to stay in the Settlement Class, you can submit a Claim Form to receive a check payment.

ii. **Anti-spyware Software.** Each Settlement Class Member shall also be entitled to receive three (3) months of free access to Support.com's proprietary anti-spyware software known as SUPERAntiSpyware 5, regardless of whether they have already received a full refund of the money paid to purchase a Software Product.

iii. **Process.** To be eligible for a check payment under the Settlement, a Settlement Class Member must affirm in the Claim Form: (1) that he, she or it purchased one or more of the Software Products, and (2) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s).

You can download or complete an electronic Claim form on the Settlement Website by going to www.lagardesettlement.com and following the instructions provided on the website. You can also obtain a Claim Form by writing to the LaGarde Settlement Administrator at PO Box 2995, Portland, OR 97208-2995 or calling toll-free 1-888-722-0637. Your Claim Form must be postmarked or electronically submitted by February 28, 2013.

B. **Prospective Relief.**

As part of the Settlement, the Defendants have agreed to, as soon as practicable, but no later than fourteen days from the Effective Date of the Agreement: (i) modify the source code of the Advanced Registry Optimizer software to create a clear visual distinction between the "Junk Status" and "Security Status" reporting functions within the main Graphical User Interface ("GUI") displayed to users following the performance of a diagnostic scan, so that it is apparent that those reports correspond with the detection of distinct error types; and (ii) include active links within the GUI of the Advanced Registry Optimizer and Computer Checkup software that, upon clicking, redirect the user to a display screen or website containing documentation that clearly explains the detection and reporting methodologies underlying the operations of the software's diagnostic scan. Defendants have also agreed to create additional documentation that explains the meaning of the reports provided to users, and in laymen's

terms, describes the actual dangers posed by the errors or problems detected.

### 6. Who represents the Settlement Class?

**A.    Class Representatives.** For purposes of the Settlement, the Court has appointed Plaintiffs James LaGarde and Tim Batchelor to serve as the Class Representatives.

**B.    Settlement Class Counsel.** The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson McGuire LLC as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in February of 2012 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses (including their court costs) in a total amount not to exceed $900,000.00. The Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and reimbursable expenses up to $900,000.00. If the Court approves the attorneys' fee application, it will be paid by Defendants. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

### 7. How can I exclude myself from the Settlement Class?

You can get out of the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a Claim Form, and you won't be allowed to claim any of the relief offered by the Settlement. If you exclude yourself from the Settlement Class, you can pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class in *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-

JSC. Your Request for Exclusion must include your name, address, telephone number, signature, and a signed statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *LaGarde, et al. v. Support.com, Inc., et al.*" **Your Request for Exclusion must be postmarked no later than January 29, 2013, and sent to the Claims Administrator at the following address:**

LaGarde Settlement Administrator
PO Box 2995
Portland, OR 97208-2995

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time, will not be valid and the person(s) asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Settlement Class Member.

**If you elect to exclude yourself, you will (i) not have any rights as a member of the Settlement Class pursuant to the Agreement, (ii) not be able to receive any Settlement Benefit as provided in the Agreement, (iii) not be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against the Defendants by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under the Agreement or no benefit at all.**

| 8. How can I tell the Court what I think about the Settlement? |
|---|

**If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so.** Your objection to or comment on the Settlement must be submitted in writing by January 29, 2013 and **must be sent to the Court and the attorneys for the Parties at the addresses below:**

**Clerk of the Court**          **Settlement Class Counsel**   **Defendants' Counsel**

| | | |
|---|---|---|
| Clerk of the Court<br>U.S. Dist. Ct. N.D. Cal.<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Jay Edelson<br>Rafey S. Balabanian<br>Benjamin H. Richman<br>Chandler R. Givens<br>Edelson McGuire LLC<br>350 N. LaSalle, Suite 1300<br>Chicago, IL 60654 | Michael H. Page<br>Durie Tangri LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111 |

The objection or comment must be in writing and include the case name *LaGarde, et al. v. Support.com, Inc., et al.*, No. 3:12-cv-00609-JSC, and: (a) the Settlement Class Member's full name and current address; (b) a signed declaration that he or she is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all arguments, citations, evidence, and documents or writings that the Settlement Class Member desires the Court to consider; and (e) notice of the Settlement Class Member's intention to appear (if any). The Court will consider all comments from Settlement Class Members. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not submit a written comment on the Settlement or the application of Class Counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described in this notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and, if the Settlement is granted final approval, to have released the Released Claims (defined in the Agreement).

## 9. What is the effect of final approval of the Settlement?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case as to the Defendants. Claim Forms and payments under the Settlement will then be processed, claims payments will be distributed, and access to the free anti-spyware software will be distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release, acquit and forever discharge the Defendants, and each of the Released Parties from any and all past, present and future Claims or Causes of Action (as defined in the Agreement) that are based upon or related to, directly or indirectly, in whole or in part: (a) the allegations, facts, subjects or issues set forth or raised in the Action, and (b) the Released Conduct (as defined in the Agreement). Please refer to Section V of the Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against the Defendants or other persons and entities covered by the Release. You can obtain a copy of the Agreement from the Clerk of the Court, online at www.lagardesettlement.com, or by writing to the LaGarde Settlement Administrator at PO Box 2995, Portland, OR 97208-2995. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Agreement, or will recover anything at all.

**10. When and where will the Court hold a hearing on the fairness of the Settlement?**

A Fairness Hearing has been set for March 7, 2013 at 9:00 a.m., before The Honorable Jacqueline Scott Corley at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom F, 15th Floor. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.

**Note:** The date and time of the Fairness Hearing are subject to change by Court Order.

**11. Do I have to come to the Fairness Hearing? May I speak at the hearing?**

You do not need to attend the Fairness Hearing to remain a Settlement Class Member or submit a claim. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses by following the instructions in No. 8 above.

**12. How do I receive the Settlement Benefits?**

If you do not exclude yourself from the Settlement Class, and would like to receive the benefits provided by the Settlement, you must submit a timely and valid Claim Form as set forth in No. 5 above. Claim Forms must be submitted online or by mail postmarked by February 28, 2013. You can download a copy of the appropriate Claim Form online at www.lagardesettlement.com, or by writing to the LaGarde Settlement Administrator at: PO Box 2995, Portland, OR 97208-2995.

### 13. What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement. You will still be part of the Settlement Class, you will still receive three (3) months of free access to Support.com's proprietary anti-spyware software known as SUPERAntiSpyware 5, and you will still be subject to the Release described in Section V of the Agreement. This means you will not be permitted to continue to assert Released Claims in any other case against Defendants or other persons and entities covered by the Release. Please refer to Section V of the Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

### 14. Where can I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Agreement. You can view the Agreement and get more information at www.lagardesettlement.com. You can also get more information by writing to the LaGarde Settlement Administrator at PO Box 2995, Portland, OR 97208-2995 or calling toll-free 1-888-722-0637. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of California (San Francisco Division), at the Phillip Burton Federal Building, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

If you would like additional information, you can write to Class Counsel at the address listed in No. 8 above.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

SOURCE: United States District Court for the Northern District of California San Francisco Division

Please do not reply to this email. If you have any questions please visit www.lagardesettlement.com or call 1-888-722-0637.

If you would prefer not to receive further messages from this sender, please Click Here and confirm your request.

# Exhibit B

OPT OUTS AS OF FEBRUARY 18, 2013

DON NICHOLAS
BOB RUTZEL
KENNETH TROYER