1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES LAGARDE and TIM BATCHELOR, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SUPPORT.COM, INC. d/b/a SAMMSOFT, a Delaware corporation, and AOL, INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 3:12-cv-00609-JSC<br><br>**FINAL JUDGMENT ORDER**<br><br>Judge: Honorable Jacqueline Scott Corley<br><br>Action Filed: February 7, 2012 |

1   The Court, having considered Plaintiffs' Motion for Final Approval (the "Motion for Final
2   Approval") of the settlement (the "Settlement") of the above-captioned case (the "Action")
3   brought by Plaintiffs James LaGarde and Tim Batchelor (collectively, "Plaintiffs"), against
4   Support.com, Inc. and AOL, Inc. (collectively, "Defendants"), pursuant to the Parties' Stipulation
5   of Class Action Settlement (the "Agreement"), having considered all of the submissions and
6   arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on
7   March 21, 2013, finds that:

8       1.    Unless defined herein, all capitalized terms in this Order shall have the respective
9   meanings ascribed to them in the Agreement.

10      2.    This Court has jurisdiction over the subject matter of the Action and over all Parties
11  to the Action, including all Settlement Class members.

12      3.    On November 2, 2012, this Court preliminarily approved the Settlement and
13  certified, for settlement purposes, the Settlement Class consisting of:

> All individuals and entities in the United States and its territories that have paid monies for any version of Defendants' Advanced Registry Optimizer and/or Computer Checkup software at any time until November 2, 2012.

16      4.    Notice to the Settlement Class has been provided in accordance with the Court's
17  Preliminary Approval Order, and the substance of and dissemination program for the notice, which
18  included direct e-mail notice and the creation of a Settlement Website, fully complied with the
19  requirements of Federal Rule of Civil Procedure 23 and due process, constituted the best notice
20  practicable under the circumstances, and provided due and sufficient notice to all persons entitled
21  to notice of the Settlement of this Action.

22      5.    The Agreement was arrived at after arms-length negotiations conducted in good
23  faith by experienced attorneys familiar with the legal and factual issues of this case and thus, is
24  supported by Plaintiffs and Class Counsel.

25      6.    The Settlement as set forth in the Agreement is fair, reasonable, adequate, and in the
26  best interests of the Settlement Class in light of the complexity, expense, and duration of litigation

...

<283>

1  and the risks involved in establishing liability and damages and in maintaining a class action
2  through trial and appeal.

3      7.    The Settlement consideration provided under the Agreement and as modified by
4  this Court's March 26th and May 13th Orders constitutes fair value given in exchange for the
5  release of the Released Claims against the Released Parties. The Court finds that the consideration
6  to be paid to members of the Settlement Class is reasonable, considering the facts and
7  circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks
8  and likelihood of success of alternatively pursuing trials on the merits.

9      8.    The persons listed on Addendum A hereto are found to have validly excluded
10  themselves from the Settlement Class in accordance with the provisions of the Preliminary
11  Approval Order.

12  **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

13      9.    The Agreement as modified by this Court's March 26th and May 13th Orders is
14  finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The
15  Parties are directed to consummate the Agreement in accordance with its terms, as modified by
16  this Court's Orders. The Parties and Settlement Class members who did not timely exclude
17  themselves from the Settlement Class are bound by the terms and conditions of the Agreement.

18      10.    The following Settlement Class is hereby finally certified, solely for purposes of
19  this settlement, pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3):

20
21      All individuals and entities in the United States and its territories that have paid monies for any version of Defendants' Advanced Registry Optimizer and/or Computer Checkup software at any time until November 2, 2012.

22      11.    The requirements of Rules 23(a), (b)(2) and (b)(3) have been satisfied for settlement
23  purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there
24  are questions of law or fact common and predominant to the Settlement Class members; the claims
25  of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and
26  adequately protect the interests of the Settlement Class; and this class action is superior to other

27
28

1 available methods for the fair and efficient adjudication of the controversy between the Parties.

2     12.     The preliminary appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens as Class Counsel is hereby confirmed.

    13.     Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class.

    14.     The Parties are directed to distribute the consideration to the Settlement Class pursuant to the Agreement and the Court's May 13, 2013 Order Granting Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Expenses, and Collective Incentive Award.  Specifically, each class member who made a valid claim shall receive $25.00.

    15.     The Releasing Parties release, acquit and forever discharge Defendants and each of the Released Parties from the Released Claims.

    A.     As used in this Order, the "Releasing Parties" means each of the Plaintiffs, any Person in the Settlement Class (except a member of the Settlement Class who has obtained proper and timely exclusion as reflected in Addendum A), any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

    B.     As used in this Order, the "Released Parties" means Support.com, Inc. and AOL, Inc., their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing.

    C.     As used in this Order, the "Released Claims" shall mean any and all claims or causes action of every kind and description (including any causes of action in law,

claims in equity, complaints, suits or petitions) and any allegations of wrongdoing (including any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that the Releasing Parties had or have (including assigned claims and "Unknown Claims" as defined below) that have been or could have been asserted in the Action, the *Batchelor* matter, or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including any state, local or federal regulatory body), in any jurisdiction worldwide, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the Released Conduct.

   D.   As used in this Order, the "Released Conduct" shall mean any and all direct or indirect acts, omissions, representations, conduct, legal duties, unjust enrichment, trade practices, or obligations that arise out of, or are related or connected in any way with one or more of the following: (1) the design, use, functionality, operation, and/or performance of the Software Products, (2) the marketing and advertising of the Software Products as it relates to the design, use, functionality, operation and/or performance of the Software Products, and (3) warranties, representations, or omissions relating to the design, use, functionality, operation and/or performance of the Software Products.

16.   The release in Paragraph 15 of this Order includes the release of all Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that

Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Conduct or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, any Settlement Class member, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

17. As soon as practicable, but in no event later than a date fourteen (14) days after the Effective Date of the Agreement, Defendants shall institute the following:

  A. <u>Modifications to the Advanced Registry Optimizer Software</u>. Defendant Support.com shall modify the source code of its Advanced Registry Optimizer Software ("ARO") to: (a) create a clear visual distinction between the "Junk Status" and "Security Status" reporting functions within the main Graphical User Interface ("GUI") displayed to users following the performance of a diagnostic scan, so that it is apparent that such reports correspond with the

1  detection of distinct error types, and (b) include active links within the software's GUI that, upon
2  clicking, redirect the user to a display screen or website that contains documentation that clearly
3  explains the detection and reporting methodologies underlying the operations of ARO's diagnostic
4  scan as set forth in the Agreement.

5        B.      <u>Modifications to Computer Checkup</u>. Defendants shall modify the source
6  code of the Computer Checkup software to include active links within the software's GUI that,
7  upon clicking, redirect the user to a display screen or website that contains documentation that
8  clearly explains the detection and reporting methodologies underlying the operations of Computer
9  Checkup's diagnostic scan as set forth in the Agreement.

10      18.    The Court awards to Consumer Watchdog and the Electronic Frontier Foundation a
11  *cy pres* distribution of $100,000 each, which for the reasons identified in the Court's May 13th
12  Order is an appropriate distribution of the available *cy pres* funds in this case.

13      19.    The Court awards to Class Counsel $677,860.00, which shall include all attorneys'
14  fees and reimbursement of expenses associated with the Action.

15      20.    The Court awards to Plaintiffs $2,000.00, as a collective incentive award for their
16  time and effort serving as the Class Representatives in this Action.

17      21.    Without affecting the finality of this judgment, the Court retains exclusive
18  jurisdiction of the Settlement, including without limitation, issues concerning its administration
19  and consummation. The Court also retains exclusive jurisdiction over Defendants, Plaintiffs, and
20  Settlement Class members regarding the Agreement and this Final Judgment Order. Defendants,
21  Plaintiffs, and Settlement Class members are hereby deemed to have submitted irrevocably to the
22  exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or
23  relating to the Released Claims, this Order, and the Agreement, including, but not limited to, the
24  applicability of the Released Claims, this Agreement, or this Order. Without limiting the generality
25  of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit,
26  action, arbitration, or other proceeding by a Settlement Class member in which the provisions of
27
28

the Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

23. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

24. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED** this 30 day of May, 2013.

_____
HONORABLE JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

## ADDENDUM A

The following individuals have properly and timely excluded themselves from the Settlement Class in this matter:

1. Don Nicholas;

2. Bob Rutzel; and,

3. Kenneth Troyer.